1. Where in a written contract, the president of a corporation signs in his corporate capacity and also in his individual capacity, he may be held liable individually as having guaranteed the corporation's performance *Page 122 
of the contract, and this is especially true where he is designated individually as a party to the contract in the body of the written agreement.
2. The only reasonable construction to be placed on the petition is that it brings suit on the written contract, which embodies the terms of the oral contract, and is not an action on the oral contract alone.
3. As against a general demurrer the petition sufficiently alleged a cause of action for the breach of certain of the terms of the written contract.
 DECIDED NOVEMBER 8, 1947.
George M. Vaughn brought a suit against the American Associated Companies Inc., and Armand May for breach of contract. The petition alleged substantially the following: During 1941 the plaintiff entered into a verbal contract with the defendant corporation which provided that the plaintiff should manage the converting department of the corporation and for his services he should receive a salary of $300 per month plus 20 percent of the net profits of the converting department. In 1942 this contract was modified effective January 1, 1942 to provide that thereafter the plaintiff would receive $300 per month plus 17-1/2 percent of the net profits of the converting department. Under this contract, as modified, it was understood and agreed that the net profits would be determined by deducting from the gross profits of the department the reasonable operating expenses of the department. The plaintiff performed the duties required of him under the contract which were accepted by the defendant corporation. The plaintiff received various amounts from time to time from the defendant corporation which were represented as being the plaintiff's share of the profits, but was never furnished a detailed statement to verify the correctness of the payment. All the records of the business of the converting department were kept by the defendant corporation at its principal place of business and were never under the control of the plaintiff's department. The plaintiff has never received a satisfactory explanation of the method by which his share of the profits was computed, although he has sought an explanation several times, and the plaintiff believes that the amounts received by him did not equal his full share of the net profits. On or about December 5, 1945, the plaintiff and the defendants entered into a written agreement amending the contract mentioned above and providing for an accounting to the *Page 123 
plaintiff of the share of the net profits due him under the terms of the contract of employment. The material portions of the written contract are: "Vaughn has since the 1st day of June, 1941, been in the employ of the company as manager of its department, selling cotton products, known as the converting department, receiving as a salary there for three hundred ($300) and 00/100 dollars per month plus seventeen and one-half (17-1/2) percent of the net profits of said department, in accordance with the practice heretofore followed by the company. . . (3) Vaughn is to receive a settlement of his share of the profits of the department of the company known as the converting department through September 30, 1945, as shown on the books of the company, heretofore audited and found correct by Peat, Marwick, Mitchell 
Company, Certified Public Accountants. (4) In addition thereto, Vaughn is to receive a settlement for his share of the profits for the months of October and November, 1945, of the department known as the converting department of the company, in accordance with the practice heretofore followed by the company and Vaughn in ascertaining said profits and such share of the profits to be paid by the company to Vaughn on or before December 31, 1945. (5) In addition thereto Vaughn is to receive his share of the profits of the department of the company known as the converting department for the months of December, 1945, and January 1946. In view of the fact that Vaughn has already been paid his salary for the months of October and November in the amount of three hundred ($300) dollars per month, the company agrees to pay him three hundred ($300) dollars for the month of December, 1945. It is stipulated by the parties that there are approximately five hundred seventy-five thousand ($575,000) dollars of orders for merchandise in the department known as the converting department, and that the merchandise for such orders have been purchased and that some of the said purchases are in process. (6) The profits of the department known as the converting department operated by Vaughn shall include the profits made on said merchandise only, on orders on hand and for which goods have been purchased and will actually be shipped up to and including January 31, 1946, and accepted by the customers of the company, it being understood between the company and Vaughn that if there are any losses sustained on said merchandise or shipments made pursuant *Page 124 
to any orders, the department of the company known as the converting department operated by Vaughn is to be charged with said losses, and Vaughn's share of the profits of said department reduced by a sum equal to seventeen and one-half (17-1/2) percent of any losses sustained on said merchandise or any shipments thereof made pursuant to the orders now on hand in the said converting department of the company. (7) It is understood that Vaughn is not to receive any share of the profits and/or losses of purchases made by the company between now and January 31, 1946, which are not included in the above five hundred seventy-five thousand ($575,000) dollars, estimated figures. (8) It is specifically understood and agreed that if the converting department of the company should hereafter sustain any losses by reason of shipments made prior to September 30, 1945, or for the period ended November 30, 1945, or for the period ending January 31, 1946, upon which the converting department has been credited with the profit, Vaughn shall be charged his proportion of the loss and shall repay the company his proportion of the loss even though the company has thereto paid Vaughn his share of the profits of the converting department of the company ascertained at the time of payment. In the event that the final figures are submitted and are not satisfactory to Vaughn, we have agreed that it will be satisfactory to employ Peat, Marwick, Mitchell 
Company to work up the statement, each to abide by the decision and each to stand one-half (1/2) of the expense as far as the auditors are concerned." The plaintiff alleged further that he had complied with all the conditions and duties required of him under the contract, and such performance on his part had been accepted by the defendant corporation. He prayed damages in the sum of $33,000. Both defendants filed identical demurrers to the petition. The court overruled the general demurrers and the defendants excepted to that ruling.
1. While it is true that the petition does not allege that Armand May was a party to the original verbal contract of employment, but alleges that the contract was made with the defendant corporation, the written portion of the contract as amended shows that May signed both as president of the corporation *Page 125 
and again in his individual capacity, and is, moreover, designated in the body of the writing as a party to the contract. No good reason is advanced why May could not individually undertake to see that the corporation carried out its agreement, in the nature of a suretyship, and no authority whatever is cited which is in point on the subject.
2. It is clear that the action is for a breach of the written contract of December 5, 1945, which embodied in its terms the executory terms of the prior oral contract, or in other words the writing is a new contract in which the terms of the oral contract are recapitulated. This is the only reasonable construction of the petition from its very wording plus the fact that the action is against the corporation and an individual who was not a party to the original oral contract.
3. Paragraph (3) of the written contract provides that the plaintiff is to receive a settlement of his share of the profits of the converting department through September 30, 1945, as shown on the books of the company heretofore audited and found correct by certain certified public accountants. There is no exception as to the period named in this paragraph and no qualification whatever with the exception of the one therein stated. The written contract supersedes all prior agreements, practices, waivers, etc., and, in the absence of fraud, accident, mistake, duress, etc., is binding as written. The petition sufficiently alleges a breach of this provision of the agreement.
Paragraph (4) of the written agreement limits the plaintiff's share of the profits for October and November, 1945, to those as computed in accordance with the practice heretofore followed by the company. The petition sufficiently alleges a breach of this paragraph. Paragraph (12) of the petition alleges: "Plaintiff has demanded payment from defendants of the amount to which he is entitled under the said contract of employment, but defendants have refused and still refuse to pay him the amounts which plaintiff herein alleges on information and belief are due to him." There was no special demurrer to the petition or any paragraph thereof for duplicity. The court did not err in overruling the general demurrer to the petition.
The rulings on the special demurrers are not argued or insisted upon and the exceptions thereto are deemed waived.
Judgment affirmed. Sutton, C. J., and Parker, J., concur. *Page 126