Rivers *v.* Cole Corporation.

No. 17986. Argued October 15, 1952—Decided November 12, 1952.

*Marvin O'Neal Jr.*, for plaintiff in error.

*Brown & Shoob* and *C. McCready Johnston*, contra.

Candler, Justice. This case came to the Supreme Court on certiorari to the Court of Appeals. Insofar as need be stated, the record shows the following: On May 16, 1947, and for a period of three years thereafter at an annual rental of $492, payable monthly by instalments of $41, Cole Corporation agreed to and did rent and furnish E. D. Rivers Jr., for broadcasting use at his radio station WEAS at Decatur, Georgia, certain musical compositions, known as the "Cole Transcription Library," and for the same consideration, during the period of the contract, the corporation also agreed to augment the library monthly by supplying him with at least one album, containing from 20 to 24 musical selections. On November 12, 1947, Rivers by letter notified the corporation that he was terminating and canceling the contract, as he had found the library to be of but very little use, and further because the corporation had breached the contract by failing to augment the library monthly as it was obligated to do. By the same letter, he advised the corporation that the rented library would be returned on November 15, 1947, and that he would settle his account on receipt of a correct final statement of it. There was other correspondence between Rivers and the corporation concerning the former's right to terminate the contract and the amount he was due on his account with the corporation. Rivers, on June 22, 1948, mailed the corporation a check for $82, on the face of which, and to the left of his signature, he wrote the words "Aug.

rental—paid, Sept. October paid, Bal. due (Nov.)—$41," and on August 30, 1948, he mailed the corporation another check for $41 and wrote into the face of it, and to the left of his signature, the words "November rental, 1947, account paid in full." The corporation received the two checks, cashed them, retained the proceeds and later brought a suit against Rivers in the City Court of Decatur for $533, alleging that the amount sued for was the balance due it on Rivers' account. The defendant Rivers pleaded that the payment of $41 on August 30, 1948, was made by him in full satisfaction of the account sued on, and was so accepted by the plaintiff. As to the manner in which payments on the account were made, and as to the retention of them by the plaintiff, there was no conflict in the evidence. A jury found in favor of the plaintiff for the full amount sued for, and upon that verdict a judgment was pursuantly entered. Rivers moved for a new trial and to a judgment overruling his motion he excepted and applied to the Superior Court of DeKalb County for the writ of certiorari. After a hearing, the writ of certiorari was overruled, and to that judgment Rivers excepted and sued out a writ of error to the Court of Appeals. It was there held that the judgment complained of was not erroneous, since the evidence failed to show the existence of a bona fide dispute between the parties as to the correctness of the account sued on when Rivers made the payment of $41 on August 30, 1948; and, that being true, payment of an amount less than the debt actually due could not be pleaded and proven as an accord and satisfaction of the account, even though payment was made with and by a check which recited that it was given in full payment of the account. The petition for certiorari to this court assigns error on that ruling only, and no other questions are presented here for decision.

The dissenting opinion prepared and filed by Mr. Justice Duckworth, and agreed to by Mr. Justice Atkinson, in *Sylvania Electric Products* v. *Electrical Wholesalers*, 198 *Ga.* 870 (33 S. E. 2d, 5), is, as we read and view it, in harmony with Code § 20-1204, which was codified from the decision in *Evans* v. *Pollock, Dudley's Ga. Dec.*, Part 1 (1842) p. 33. It also follows the unanimous rulings of this court in *Tarver* v. *Rankin*, 3 *Ga.* 210; *Brown* v. *Ayer*, 24 *Ga.* 288; *Tyler Cotton Press Co.* v.

*Chevalier,* 56 *Ga.* 494; *Hamilton & Co.* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184), s. c. 108 *Ga.* 472 (34 S. E. 123); *Jenkins* v. *National Mutual B. & L. Assn.,* 111 *Ga.* 732 (36 S. E. 945); and *Redmond & Co.* v. *Atlanta & Birmingham Air-Line Ry.,* 129 *Ga.* 133 (58 S. E. 874); and, since the decision by the majority in *Sylvania Electric Products* v. *Electrical Wholesalers, supra,* is in conflict with those cited cases which are older and have not been overruled or materially modified, we must follow them, as they have the force and effect of a statute and are binding upon us. Ga. L. 1858, p. 74; *Lucas* v. *Lucas,* 30 *Ga.* 191 (76 Am. D. 642); *Calhoun* v. *Cawley,* 104 *Ga.* 335, 344 (30 S. E. 773); *Sheppard* v. *Bridges,* 137 *Ga.* 615, 626 (74 S. E. 245); *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 250, 258 (5 S. E. 2d, 739, 126 A.L.R. 108); *Hardin* v. *Reynolds,* 189 *Ga.* 589 (6 S. E. 2d, 913); *Fuqua* v. *Hadden,* 190 *Ga.* 361 (9 S. E. 2d, 243). We, therefore, fully adopt Mr. Justice Duckworth's dissenting opinion as our ruling in the instant case; and, accordingly, hold, as was there in effect said, that, if a creditor remits a sum of money to his debtor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfaction of his debtor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose (Chicago Ry. Co. *v.* Clark, 178 U. S. 353, 366, 20 Sup. Ct. 924, 44 L. ed. 1099); and this is true under our law whether the debtor's claim or demand be liquidated or unliquidated, disputed or undisputed. We, therefore, respectfully disapprove and decline to follow the majority ruling in *Sylvania Electric Products* v. *Electrical Wholesalers, supra,* believing it to be an unsound pronouncement of our law, and, for the sake of brevity, will not repeat or undertake to elaborate what was so well said by the writer in the aforesaid dissenting opinion. It follows, therefore, that the judgment complained of, as rendered by the Court of Appeals, is erroneous.

*Judgment reversed. All the Justices concur.*