19570. AMERICAN ASSOCIATED COMPANIES, INC., *et al.*
*v.* VAUGHAN.

ARGUED JANUARY 16, 1957—DECIDED MARCH 12, 1957—
REHEARING DENIED MARCH 25, 1957.

*Haas, Holland & Blackshear, Thomas B. Branch, Jr., Joseph Haas,* for plaintiffs in error.

*C. Baxter Jones, Jr., Sutherland, Asbill & Brennan,* contra.

MOBLEY, Justice. This is the fourth appearance of this case in the appellate courts. For a full statement of the case, see *American Asso. Cos.* v. *Vaughan,* 76 *Ga. App.* 121 (44 S. E. 2d 921); 86 *Ga. App.* 672 (72 S. E. 2d 149); and 210 *Ga.* 141 (78 S. E. 2d 43). Following the last appearance in this court, the plaintiff twice amended his petition, alleging in more detail his contentions concerning his cause of action, and adding a prayer for attorney's fees because of alleged litigiousness of the defendants. The defendants amended their answer, filing a plea of accord and satisfaction and a cross-petition for equitable relief, including a prayer for rescission of the contract of December 5, 1945, or, in the alternative, reformation of said contract. The instant case was tried de novo upon the amended pleadings. At the conclusion of the evidence, the defendants made a motion for a directed verdict upon their plea of accord and satisfaction, which was denied. In his charge to the jury, the trial judge prepared a list of six questions, which were answered by the jury and returned as their verdict. In their verdict the jury found: (1) against "the defendant on the plea of accord and satisfaction between the parties in this case covering indebtedness through September 30th, 1945"; (2) against "reforming the contract dated December 5, 1945, as prayed for by the defendants"; (3) against

"the defendants' plea to rescind said contract"; (5) in favor of the plaintiff for damages by reason of the alleged breach of said contract; and (6) for $55,611.96 as damages, plus $897.69 interest, but found no amount as attorney's fees. Following the rendition of verdict and judgment, the defendants filed motions for a judgment notwithstanding the verdict and for a new trial on the general and five special grounds, which motions were denied. To the orders denying these motions the defendants have excepted.

■ The defendants contend that the evidence demanded a finding in their favor on their plea of accord and satisfaction. They contend the evidence shows that on December 6, 1945, the day following the execution of the contract in question, Vaughan accepted a check for $2,282.80, to which was attached a balanced statement showing his ledger balance at the beginning of October, 1945; and that payment of the check with the statement attached thereto, which was accepted by Vaughan without protest, amounts to an accord and satisfaction under the decision in *Rivers* v. *Cole Corp.*, 209 *Ga.* 406 (73 S. E. 2d 196). In the *Rivers* case, this court unanimously adopted the dissenting opinion of Chief Justice Duckworth in *Sylvania Electric Products* v. *Electrical Wholesalers*, 198 *Ga.* 870, 876 (33 S. E. 2d 5), as a correct pronouncement of the law relative to accord and satisfaction. In effect, the principle expressed in Chief Justice Duckworth's dissent was that, if a creditor tenders to his debtor a sum of money, though it be less than the amount actually owed, and the tender be made upon the condition, express or implied, that it satisfies the entire debt, and if the creditor accepts the tender, an accord and satisfaction results. As pointed out in *C. & S. Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434, 453 (122 S. E. 327), "The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." The defendants rely upon the testimony of Vaughan to prove that the check of December 6, 1945, was tendered to him as a full settlement of his claim, and that he so understood it, accepted it, and cashed it. The evidence is undisputed that Vaughan cashed the check. But his testimony does not demand a finding that the check was tendered to him as a full settlement

of his account and was accepted and cashed by him as such. The evidence in the record is conflicting upon the question whether the parties intended for the tender of the check on December 6, 1945, and its acceptance by Vaughan, to effect an accord and satisfaction of Vaughan's claim against the defendants. Every payment upon an account does not amount to an accord and satisfaction of the whole account. It is only when the circumstances of a case bring it within the rule expressed in the dissent in the *Sylvania* case, supra, that an accord and satisfaction results from the payment of less than the amount due upon an indebtedness. Whether there had been an accord and satisfaction in this case was a question of fact for the jury under the record, and this question was properly submitted to their consideration. It was not error to deny the defendants' motion for a directed verdict upon their plea of accord and satisfaction and to deny the motion for judgment notwithstanding the verdict.

■ The exceptions to the charge of the court set out in special grounds 4 and 5 will be treated together. Special ground 4 excepts to the following charge: "Now in that same connection I charge you that assuming that you find the expression 'as shown on the books of the company' means that the percentage of profits was to be computed from data and information shown by the books by a computation which would honestly and fairly show the profits under the usual and prevailing business practices, then it would not be, I charge you, a proper deduction to deduct interest on invested capital in arriving at the net profits of the converting department." The charge excepted to in ground 5 is practically identical, except that it was given in connection with the item of income taxes instead of interest on invested capital. The exception to both charges is, that the court expressed an opinion as to what had been established by the evidence; that the charge was not sound as an abstract principle of law, was not warranted by or adjusted to the evidence, and was harmful, prejudicial and illegal. As shown by the reports of this case, cited supra, the meaning of the phrase in the contract, "as shown on the books of the company," is one of the material issues. Throughout the trial of the case, the parties introduced testimony to establish their respective contentions concerning the meaning

of this phrase. The charge was adjusted to the pleadings and the evidence and was not an erroneous expression of the law. The cases cited by the plaintiff in error are distinguishable on their facts, in that those cases were reversed because the trial court in charging the jury assumed, himself, or intimated that certain facts in dispute had been proved. The use of the word "assume" in the instant case was not an expression that certain facts had been proved, but the meaning is clear that the jury was left to decide the issues submitted in the charge excepted to. The instruction here, "that assuming that you find the expression 'as shown on the books of the company' means," etc., amounts to nothing more than an instruction that, "if" the jury finds the expression to mean one thing, then the result stated in the charge would follow. The court fully charged the contentions of both parties with respect to the expression, "as shown on the books of the company," and fully charged the law applicable thereto. These grounds are without merit.

■ Special ground 6 excepts to the charge on the subject of bad faith. In its verdict the jury specifically found against the plaintiff's prayer for attorney's fees and expressly disallowed such fees. This being true, the charge upon the question of bad faith was not harmful to the defendant, and the exception thereto, which fails to show how or wherein such charge was harmful, is without merit. See *Augusta Factory* v. *Barnes*, 72 *Ga.* 217, 223 (1) (53 Am. R. 838); *Central Railroad* v. *DeBray*, 71 *Ga.* 406 (22).

■ Special ground 7 excepts to the charge on the burden of proof. In substance, the court charged that the plaintiff had the burden of proving the allegations of his petition, and that the defendant had the burden of proving the issues raised by their equitable pleas and their plea of accord and satisfaction. The defendants sought affirmative relief, and it was incumbent upon them to establish their right to such relief in the same manner as it was incumbent upon the plaintiff to establish his contentions. *Falkner* v. *Behr*, 75 *Ga.* 671 (4), 674; *Milledgeville Cotton Co.* v. *Bacon*, 138 *Ga.* 470 (3) (75 S. E. 604). If the defendants desired an instruction on the shifting of the burden of proof, they should have made a written request therefor. *Hawkins* v. *Davie*, 136 *Ga.* 550 (71 S. E. 873); *Albany Warehouse Co.* v. *Hillman*,

147 *Ga.* 490 (94 S. E. 569). See *Peeples* v. *Rudulph,* 153 *Ga.* 17 (2) (111 S. E. 548).

Ground 8 excepts to the charge which instructed the jury that "the words 'as shown on the books of the company' could only mean one of two things: either (1) a percentage of profits shown by data and figures and information on the books from which the profits should be computed by accepted and usual truthful business methods, or (2) the expression had a special and peculiar meaning and referred to particular figures computed according to a practice previously followed by defendant in making entries on certain special particular pages of its books, which pages bore the name of the plaintiff." The exception to this charge is, that in it the court expressed an opinion as to what had been proved, and such charge was confusing, misleading, erroneous, and harmful. When this case was before the Court of Appeals (86 *Ga. App.* 672), that court had before it the question whether the expression "as shown on the books of the company," as such expression was used in the contract here involved, was ambiguous. The Court of Appeals held that such expression was ambiguous. In its opinion it was stated: "Since the amendments raised the question of ambiguity as to the meaning of the words 'as shown on the books of the company,' what do such words ordinarily mean, and what did they mean to the parties to this case? Ordinarily, such an expression means that the percentage of profits was to be computed from the data and information shown by the books by a computation which would honestly and fairly show the profits under usual, prevailing business practices. If the expression had a different meaning and both parties so understood it, such different meaning would prevail. The defendants alleged in their amendments and sought to prove that the books of the company as audited and found correct by named auditors showed that there were special pages in the books of the company showing the plaintiff's account and showing amounts due the plaintiff as arrived at by the use of a special formula used by the defendants in accordance with past practices. . . The expression, 'as shown on the books of the company,' in our view, could only mean one of two things—either a percentage of profits shown by data and figures and informa-

tion on the books from which the profits were computed by accepted and usual truthful business methods; or the expression had a peculiar and special meaning, to wit, what the plaintiff's special pages showed, because it was contended that some of the parties so understood the contract and that the other acquiesced in such interpretation." P. 696. The court then held that the evidence did not authorize a finding that the parties understood the expression to mean that the plaintiff's particular pages would control the settlement, and that "the first meaning of the expression above must be held to have been the legal meaning of the expression." P. 698. The decision of the Court of Appeals that the expression in question is ambiguous is the law of the case. And whether or not that decision became the law of the case as to the meaning of the expression, "as shown on the books of the company," under the pleadings and the evidence in the instant case the charge of the trial court correctly presented the contentions of the parties as to the meaning of this expression. The plaintiff contended that the expression meant that his share of the profits would be computed from data and information shown by the books of the company by a computation that would show the profits under the usual, prevailing business practices. The defendants contended that the expression meant that the plaintiff's share of profits would be computed according to the practice previously followed in making entries on certain pages of its books which bore the name of the plaintiff. These were the only two constructions placed on the ambiguous expression by the parties by their pleadings and evidence. Any other construction would not have been authorized by the pleadings or the evidence. The charge excepted to in this ground fairly and correctly stated the contentions of the parties and the correct applicable rules of law. This ground is without merit.

■ The verdict in favor of the plaintiff was authorized under the evidence, and there is no merit in the general grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur.*