## 38589. CARMICHAEL TILE COMPANY v. SUMMITVILLE TILES, INC.

DECIDED MARCH 10, 1961.

*Albert E. Mayer*, for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.*, contra.

NICHOLS, Judge. The sole question presented for decision is whether the verdict directed was demanded by the evidence.

The plaintiff introduced in evidence a ledger sheet which disclosed that, while the plaintiff had extended credit to the defendant both before and after credit was extended on its invoice No. 9731, the only partial payment made was made on such invoice. The evidence further showed without conflict that the defendant purchased the tile, shown on invoice No. 9731, at the price charged, that delivery of such tile was made to the defendant, and that the defendant had sent the plaintiff a check toward the payment of such invoice with a notation thereon that it was to be credited to such invoice. Therefore, in the absence of any other evidence that the defendant was not indebted to the plaintiff for such amount, the verdict directed was demanded, and no error is shown by the defendant's writ of error or motion for new trial.

The real defense to the action was based on facts surrounding another invoice of the plaintiff to the defendant, invoice No. 9732. This invoice covered tile shipped in the same railroad freight car as that shipped on invoice No. 9731, but shipped to another destination. The items shipped on invoice No. 9732 were billed to the defendant for $3,773.90 with a discount of $75.48 being allowed if payment was made within 15 days after the date of the invoice. The defendant sent the plaintiff a check within such 15-day period for $3,698.42, the net amount due on such invoice, with a notation thereon that it was in payment of such invoice.

The defendant contends that the items shipped on this invoice should have been billed for $742.50 less, or a net of $2955.92 after discount, and that the overpayment should have been credited on invoice No. 9731, and that therefore the defendant is not indebted to the plaintiff in any amount. There was evidence that the plaintiff originally gave the defendant credit on these two invoices as contended for by the defendant but when it was called to the plaintiff's attention by the defend- -ant that the checks used to pay these two invoices designated which invoice was to be credited for the amount of such check it corrected its bookkeeping entries so as to give the credit in accordance with such instructions, leaving the balance of $742.50 due on invoice No. 9731 rather than on invoice No. 9732. As the case thus stands the defendant was given credit in accordance with its instructions, and the payment of invoice No. 9732 must be construed as a voluntary payment made to satisfy the demand of the plaintiff on that invoice. Under the evidence could the jury have found that such payment was made under a mistake of fact so as to authorize a finding that there had been an overpayment? In *Charleston & Western Carolina R. Co. v. Augusta Stockyard Co.*, 115 Ga. 70 (41 S. E. 598), dealing with a general demurrer to a petition which sought to recover money claimed to have been paid by mistake, it was said: "When a plaintiff brings suit to recover money paid by him to the defendant upon the ground that such payment was made under a material mistake of fact, induced by the representations of the defendant, and fails to distinctly allege the non-existence of

the supposed fact upon which he relied, his petition sets forth no cause of action."

The evidence in the present case showed that whatever dispute there was as to the price of the tile shipped on invoice No. 9732, it was known to the defendant before the invoice was paid, and that with this knowledge it paid the full amount of the invoice, less a discount provided for prompt payment. Therefore, there was no evidence that would authorize a finding that the money was paid under any mistake of fact, nor did the evidence authorize a finding that the two separate invoices covered one order so that the two checks could be considered a partial payment of one contract. While the two invoices covered items shipped in one freight car, they were shipped under separate orders to different destinations under separate invoices. The trial court did not err in directing the verdict for the plaintiff.

*Judgment affirmed. Townsend, P. J., Carlisle, Bell, Frankum and Jordan, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. Two checks were issued by Carmichael Tile Company to Summitville Tiles, Inc., dated the same day and transmitted at the same time. The notations on the two checks showed without question that they were tendered in full payment of both invoices. On the $116.35 check the following notation appears at the left top portion: "#9731 - 860.00 less 742.50 - 117.50 disct. 1.15." On the $3698.42 check there appears the following notation: "9732 - 3773.90 - disct. 75.48 - 3698.42." With full knowledge that the two checks were intended to pay both invoices in full, Summitville Tiles, Inc., accepted and cashed them. This action constituted an accord and satisfaction of both invoices. *Code* § 20-1201; *Rivers v. Cole Corp.*, 209 Ga. 406, 408 (73 S. E. 2d 196). In the *Rivers* case the court stated: "We, therefore fully adopt Mr. Justice Duckworth's dissenting opinion [*Sylvania Electric Products v. Electrical Wholesalers*, 198 Ga. 870, 876, 33 S. E. 2d 5] as our ruling in the instant case; and, accordingly, hold, as was there in effect said, that, if a creditor remits a sum of money to his debtor, though less than the amount actually due, with the understanding, either express or implied, that it is in satisfac-

tion of his debtor's claim, and the latter accepts and retains it, accord and satisfaction of the demand results therefrom, and the balance, insofar as our law is concerned, may not thereafter be recovered by the creditor in an action instituted for that purpose (Chicago Ry. Co. v. Clark, 178 U. S. 353, 366, 20 S. Ct. 924, 44 L. Ed. 1099); and this is true under our law whether the debtor's claim or demand be liquidated or unliquidated, disputed or undisputed."

I dissent from the judgment of affirmance.