## 54703. MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION v. REED.

McMURRAY, Judge.

In 1970 Frank B. Reed operated a service station in Adel, Georgia. He had previously purchased a policy of insurance from Mutual Benefit Health & Accident Association (Mutual of Omaha) which was an accidental benefit policy paying for total and partial disability. Thereafter, as contended by Mr. Reed, on or about August 15, 1970, he sustained a personal injury by accidental

means which resulted in permanent disability since May 10, 1971. Mr. Reed contends the injury occurred when he was pushing an automobile into the service station which started suddenly thereby causing him to fall upon the pavement. Mr. Reed contends he was unable to work thereafter due to a hiatal hernia in the upper region of his chest. After examination by his doctor on or about May 10, 1971, Reed began contacting the insurance company seeking to make a claim for permanent and total disability. A written report of disability was made tó the insurance company on July 14, 1971. A representative of the company contacted him and paid him $800 "for being sick." Mr. Reed did not sign a release, but that is all the insurance company ever paid him. Mr. Reed then contacted a lawyer in November or December, 1974, and filed suit against Mutual Benefit Health & Accident Association on the 7th day of May, 1975, contending therein that he had been permanently disabled since May 10, 1971, seeking judgment against the defendant for the sum of $8,400 (later amended to $15,400) plus $2,100 in attorney fees. The defendant answered denying. the averments of the complaint and admitting only the averments as to the residence of plaintiff and as to the accident insurance policy attached.

At the trial plaintiff offered evidence generally showing the above facts and that although he had fallen in August of 1970 and had been disabled since that time, he did not contact the defendant insurance company until after he had seen the doctor in May of 1971. He testified he had received a check from Mutual of Omaha for $800. Plaintiff submitted in evidence the policy owner's report of disability, dated "7-14-71," a supplemental report dated "8-25-71," and a copy of the policy, as well as a claim form dated "3-5-75," and copies of correspondence. The defendant submitted in evidence copies of correspondence, one dated "6-23-71" and also one dated July 2, 1971.

The policy owner's report of disability dated "7-14-71," as well as other correspondence it had had with Mr. Reed, including the report of disability dated "3-5-75" and a copy of a statement of benefits for $800 paid Mr. Reed on September 3, 1971. The defendant also submitted

the testimony of a claims representative of "Mutual of Omaha Insurance" who had testified that he had worked on Mr. Reed's claim, but that he had never contacted him personally, that a claim draft had been issued to Mr. Reed in the amount of $800 for one month confining sickness disability plus three months nonconfining sickness disability, contending that this was all he was entitled to.

After the close of the evidence defendant Mutual of Omaha moved for a directed verdict contending that a clause in the policy stated that "if the Insured because of such injury shall be totally and continuously disabled and shall suffer a total loss of time, the Association will pay benefits from one day or more (benefits begin on the date of the first medical treatment during disability) during the period of such disability at the rate of the Monthly Benefit per month if such disability commences prior to age 60 or at the rate of 50% of the Monthly Benefit per month if such disability commences on or after Insured's 60th birthday; provided the Insured is under the professional care and regular attendance of a legally qualified physician, other than himself, and such injuries do not result in any of the specific losses mentioned below"; and under provision 5 of the policy written notice of the claim must be given to the association within 20 days after the occurrence or commencement of any loss covered by the policy or as soon thereafter as is reasonably possible and that if insured suffers loss of time on account of disability for which indemnity may be payable for at least two years he shall at least once every six months after having given notice of claim give the association notice of continuance of said disability, except in the event of legal incapacity; that the period of six months following any filing of proof by the insured or any payment by the association shall be excluded in applying this provision; that delay in giving such notice shall not impair the insured's right to any indemnity which would otherwise have accrued during the period of six months "proceeding [sic] the date on which said notice is actually given"; that Mr. Reed had given notice apparently on June 23, 1971, and that paragraph 7 of the policy requires written proof of loss to be furnished "within ninety days after the termination of the period for which the Association is

liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate [nor] or reduce any claim if it was not reasonably possible to give such proof within such time, provided, such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required." Movant contends that the payment was made in 1971 under the paragraph 6 provisions as to sickness or disability and that no further action had been taken by the plaintiff himself and "[n]o such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished"; that this provision was required by Code Ann. § 56-3004 (Ga. L. 1960, pp. 289, 717) and that this action by the plaintiff was barred, citing *Darnell v. Fireman's Fund Ins. Co.*, 115 Ga. App. 367 (154 SE2d 741) and *McIntyre v. Shield Ins. Co.*, 128 Ga. App. 480 (197 SE2d 160). This motion was denied.

The jury returned a verdict for the plaintiff in the amount of $15,400. The judgment followed the verdict, whereupon defendant moved for judgment notwithstanding the verdict, or in the alternative for new trial. The latter motion was amended and after a hearing denied. Defendant appeals. *Held:*

1. Defendant's main argument is to the alleged error in the denial of its motion for directed verdict and judgment notwithstanding the verdict, based upon such cases as *McIntyre v. Shield Ins. Co.*, 128 Ga. App. 480, supra; *Darnell v. Fireman's Fund Ins. Co.*, 115 Ga. App. 367, supra; *Johnson v. Ga. Farm Bureau Mut. Ins. Co.*, 141 Ga. App. 859 (234 SE2d 693). However, the evidence here shows an issue of fact for jury determination as to whether or not a waiver of or proper proof of loss was required in that the insurance company had investigated the claim and had paid this insured plaintiff the sum of $800 as well as the other conduct testified to by the plaintiff with reference to his conversations with various officials of said company. Plaintiff did present to the defendant, on forms of the defendant, a "Policyowner's Report of Disability," dated July 14, 1971, a supplemental report on August 25, 1971, and again on March 5, 1975. See in this connection

such cases as to conduct amounting to waiver or estoppel of the insurer. *Norfolk & Dedham Mut. Fire Ins. Co. v. Cumbaa,* 128 Ga. App. 196 (1) (196 SE2d 167); *Travelers Fire Ins. Co. v. Robertson,* 103 Ga. App. 816 (120 SE2d 657); *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474); *Laughinghouse v. First of Ga. Ins. Co.,* 123 Ga. App. 189, 191 (1, 2) (179 SE2d 675); *Hartford Acc. &c. Co. v. Grant,* 113 Ga. App. 795 (2), 798 (149 SE2d 712); *Assur. Co. of America v. Bell,* 108 Ga. App. 766 (1) (134 SE2d 540).

Further, the clauses of the policy on which defendant relies reads that no legal action "shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." Proof of loss (if there be no waiver thereof) was required "in no event, . . . later than one year from the time proof is otherwise required." No claim was made until July 14, 1971, and the plaintiff did not learn of his disability until May 10, 1971, upon a visit to his doctor. Thus, he had until May 10, 1972 (or July 14, 1972, one year from the date of claim) to make proof of loss, which, if further proof was required other than the "Policyowner's Report of Disability" had been waived by the defendant who issued payment on or about September 3, 1971.

Consequently, the ambiguity in the policy as to the exact time proof of loss was required requires a broad construction in favor of the insured so as to use the latest date, that is, May 10, 1972 (or July 14, 1972, one year from the date of claim), and legal action was thereafter barred "three years after the time written proof of loss is required to be furnished." Accordingly, the suit on May 7, 1975, less than three years from May 10, 1972, or July 14, 1972 (one year from the date of claim), was within time and is not barred by the terms of the policy. See such cases as *Davis v. United Am. Life Ins. Co.,* 215 Ga. 521 (2), 527 (111 SE2d 488); *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 676 (222 SE2d 828); *Sovereign Camp W. O. W. v. Heflin,* 188 Ga. 234, 235 (2) (3 SE2d 559). The trial court did not err in denying the motions for directed verdict and judgment notwithstanding the verdict.

2. Nor did the evidence demand a finding of an accord and satisfaction by reason of the acceptance of the

draft or payment by plaintiff of $800. The draft itself was not produced, although a statement of benefits was submitted in evidence showing a payment to plaintiff of one month confining benefit and three months non-confining benefits by the defendant. This would not preclude other payments for total disability. An accord and satisfaction was not shown by the acceptance of this payment of benefits under the policy, if other amounts were due. Nor was it shown that this payment was accepted as payment in full or with any understanding, express or implied, that it was in full satisfaction of benefits due him. Such cases as *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196), and *Hurst v. West Pub. Co.,* 138 Ga. App. 244 (1) (225 SE2d 713), are not applicable here. The requirements of Code § 20-1201 have not occurred in the case sub judice. The continuing nature of the insurance contract would not authorize the payment of one sum to fully satisfy the entire contract.

3. The only other enumeration of error discussed by the defendant in its brief is in reference to the charge of the court and re-charge "as excepted thereto," and the argument thereon is that the same was not correct as an abstract principle of law nor was it adjusted to the pleadings and evidence in the case. We deem this insufficient to meet the requirements of Rule 18 (Code Ann. § 24-3618) requiring argument or citation of authority, else abandoned. *O'Kelley v. Hayes,* 132 Ga. App. 134 (1b) (207 SE2d 641). No ruling will be made on this enumeration of error, except to point out that a casual examination of the charge does not disclose that it was tantamount to a direction of the verdict. Also, no such objection was made to the charge and re-charge after a suitable opportunity to object was given, although other objections were made. See Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Barnes v. State,* 115 Ga. App. 431 (1) (154 SE2d 878); *Maynard v. Readdick,* 128 Ga. App. 368 (1) (196 SE2d 688); *Fisher v. Fisher,* 238 Ga. 253 (232 SE2d 532).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED OCTOBER 4, 1977 — DECIDED FEBRUARY 3, 1978 — REHEARING DENIED FEBRUARY 20, 1978 —

*Young, Young, Ellerbee & Clyatt, O. Wayne Ellerbee,* for appellant.

*Edwards, Edwards & Edwards, H. B. Edwards, III,* for appellee.