## 55440. PRATER v. AMERICAN PROTECTION INSURANCE COMPANY.

McMURRAY, Judge.

This case involves a dispute between the insured and his insurer arising out of a motor vehicle incident in which the insured contends he was run off the road by another oncoming vehicle in a secluded mountainous area of north Georgia. As a result of this incident the insured automobile was damaged, and the insured thereafter made a claim upon his insurer for repairs and injury to his vehicle. After negotiation the insurer tendered its draft payable to the insured and the lien holder of $1,138.18. This instrument contained the language payment for "Damages ae [sic] result of collision occurring at Morganton, Ga.," dated June 4, 1976, for date of loss on 5-1-76. One of the arguments between the insured and the

insurer appears to be an issue of whether the insured abandoned the vehicle on the highway where it was later stripped by persons unknown (vandalism or thievery), and the insurer has refused to pay "for the damage done to the vehicle by thieves." The insured contended the cost of repairs to his vehicle was $3,060.45 and the insurer is contending that under the policy it is liable only for the sum of $1,138.18 on the basis of its draft issued jointly to the insured and his lien holder and that it was not responsible for the items "stolen due to the vehicle being abandoned." Thus, it was paying, "the amount of the collision damages less his deductible." The insured acknowledged receipt of the draft but advised he was accepting same, "as partial payment of your obligation under the captioned insurance policy. . . " applying same toward the amount of damages in order to mitigate damages. The insured contended his policy also contained coverage for loss by, "theft or larceny."

Whereupon, Johnny M. Prater, the insured, sued American Protection Insurance Company in two counts. In Count 1 he sought the difference between the amount of damage sustained to his motor vehicle after deducting the $100 deductible provision in his policy and the amount of payment ($1,138.18). In Count 2 he sought the 25% penalty for damages resulting from the bad faith of the defendant and reasonable attorney fees incurred as a result thereof. Plaintiff's complaint was verified by him.

Defendant answered, admitting the existence of the policy of insurance and contending that it had already paid plaintiff all sums due under the policy and the sums claimed by plaintiff, "was the result of negligence on the part of the Plaintiff in failure to protect his property." It otherwise denied plaintiff's claim.

In response to requests for admissions of fact and genuineness of documents and to interrogatories filed by the plaintiff, defendant admitted the policy was in effect; the letter correspondence by and between the parties was true and correct; and that any damages resulting from theft was due to the negligence of the plaintiff who failed to exercise ordinary care in abandoning the vehicle where it could be vandalized and that it was not obligated to pay damages resulting "from vandalism, theft, mischief or

other hazards which the Plaintiff by ordinary care could have avoided by having vehicle towed into some garage or automobile agency and there safely kept until the damage could be appraised . . . all of the loss which the Plaintiff claims over and above the automobile damage is not recoverable under the facts of this case." Thereafter, defendant amended its answer to attach an additional defense that defendant had tendered and plaintiff accepted and cashed, "a check in settlement of all damages sustained by Plaintiff in the collision which forms the basis of this action, there being a general dispute as to the amount due," and this amounted to an accord and satisfaction and relieved defendant of any further liability on the claim.

Defendant moved for summary judgment which was granted after consideration of the entire record. Plaintiff appeals. *Held:*

1. "It is now the law of this State that if a debtor remits to the creditor a sum of money, less than the amount actually due, upon the condition, either express or implied, that it is in satisfaction of the creditor's claim, and the latter accepts and retains the money, an accord and satisfaction results and this is true whether the demand be liquidated or unliquidated, disputed or undisputed." *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 107 (120 SE2d 771). See also *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196); *Baggett v. Chavous,* 107 Ga. App. 642 (131 SE2d 109). "An agreement by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Code § 20-1204. An accord and satisfaction is where the parties by a subsequent agreement have satisfied the former one, and the latter agreement has been executed. "The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." Code § 20-1201. "The accord and satisfaction must be of some advantage, legal or equitable,

to the creditor, or it will not have the effect of barring him from his legal rights." Code § 20-1203.

2. The test for the grant or denial of summary judgment is whether or not any genuine issue as to material fact remains after consideration of the pleadings, depositions, admissions, answers to interrogatories, affidavits or any other authorized and admissible testimony considered by the court. See *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686); *Cates v. Cates,* 217 Ga. 626, 630 (124 SE2d 375); *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718 (1) (200 SE2d 918); *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122).

The question here is whether or not the check is offered in full settlement, satisfaction or final settlement of the claim by the insured against the insurer so as to bind plaintiff in keeping the proceeds of such check. See *Motorola Communications &c. Inc. v. South Ga. &c. Gas Co.,* 104 Ga. App. 376, 379 (121 SE2d 672); *C. & S. Bank v. Union Warehouse &c. Co.,* 157 Ga. 434, 453 (122 SE 327); *Souchak v. Close,* 132 Ga. App. 248, 252 (207 SE2d 708); *Gulf States Const., Inc. v. Superior Rigging &c. Co.,* 125 Ga. App. 187, 188 (186 SE2d 588). The draft appears to have issued in payment of damages as the result of a collision occurring at Morganton, Georgia. However, it is clear that the insurer defendant refused to pay for any vandalism or theft which it contends occurred when the plaintiff left the vehicle unattended in a rural and unprotected neighborhood in north Georgia. It is also clear that the insurer defendant was not remitting the check in full satisfaction of the creditor's claim and that a bona fide dispute exists as to the amount due, if any, from vandalism or theft and the causes thereof (i.e., the alleged negligence of the plaintiff). From the evidence here there was no "distinct understanding" that same was to be received in full discharge of the debt. See *Dixie Belle Mills, Inc. v. Specialty Machine Co.,* 217 Ga. 104, 108, supra. The burden being on the defendant to affirmatively establish the existence of an accord and satisfaction and the evidence here showing inferences and circumstances which a jury might consider that same did not occur, the trial court erred in granting the summary judgment. See

*Wood v. Wood,* 239 Ga. 120 (4) (236 SE2d 68); *Richardson v. Richardson,* 237 Ga. 830, 832 (2) (229 SE2d 641). The burden being on the movant (for summary judgment) to demonstrate affirmatively and with clarity the absence of any material issue of fact so as to demand judgment in its favor, the judgment here was erroneous in that the evidence shows inferences and circumstances for jury determination. See *Brown v. Sheffield,* 121 Ga. App. 383 (3b) (173 SE2d 891); *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578, 581 (161 SE2d 402); *Alexander v. Boston Old Colony Ins. Co.,* 127 Ga. App. 783 (2) (195 SE2d 277); *Candler General Hospital v. Purvis,* 123 Ga. App. 334 (1) (181 SE2d 77); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442). Examination of the entire record fails to disclose a copy of the policy but merely the front sheet thereof which in and of itself is unreadable, although it was allegedly attached to interrogatories. Consequently, we are unable to determine from the record whether or not there is any coverage under the policy, as plaintiff contends, for theft or vandalism.

*Judgment reversed. Quillian, P. J., and Webb., J., concur.*

ARGUED MARCH 6, 1978 — DECIDED MAY 4, 1978.

*Raiford, McKeithen & Dixon, Tyler Dixon,* for appellant.

*Peek & Whaley, William H. Whaley, James Garland Peek, J. Corbett Peek,* for appellee.