58581. SWILLING v. R. C. HASLER, INC.

BANKE, Judge.

This is a suit to collect an "open account." The defendant-appellant admits executing a "security agreement" and a power of attorney in connection with the transaction which is alleged to have given rise to the debt but denies owing the debt itself. The trial court, for reasons not apparent from the record, concluded that the defendant owed only two items listed on the "statement of account," to wit: No. 24543 for $1,590.64 and No. 25850 for $524.61. The items are described as "billing for curtailment and interest on trust receipts" and "billing for curtailment and renewal charges on trust receipts," respectively. Both sides moved for summary judgment as to these items. The defendant's motion was denied; the plaintiff's was granted. This appeal followed. *Held:*

The test for the grant or denial of summary judgment is that "[T]he judgment sought shall be rendered

forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, but nothing in this chapter shall be construed as denying to any party the right to trial by jury where there are substantial issues of fact to be determined . . ." Code Ann. § 110-1203, *Prater v. Amer. Protection Ins. Co.,* 145 Ga. App. 853 (244 SE2d 925) (1978). In this case there were no affidavits, depositions, or admissions filed for consideration by the court. The pleadings and attached exhibits raise contested factual questions. Accordingly, the trial court was correct in denying the defendant's motion for summary judgment but erred in awarding summary judgment to the plaintiff.

The court's grant of summary judgment for the appellee is reversed, and its denial of summary judgment for the appellant is affirmed.

*Judgment reversed in part and affirmed in part. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED SEPTEMBER 26, 1979 — DECIDED OCTOBER 19, 1979.

*Alton M. Adams,* for appellant.
*Frank Love, Jr., John R. Harris,* for appellee.
R. C. Hasler, *pro se.*