## 62312. COMMERCIAL UNION ASSURANCE COMPANY, INC. v. SOUTHEASTERN VENTILATING, INC.

DEEN, Presiding Judge.

Commercial Union Insurance Co. appeals from the grant of partial summary judgment in favor of appellee.

In July 1974, Southeastern Ventilating, Inc., purchased a three-year multi-peril insurance policy and a one-year workers' compensation policy which were underwritten by appellant through the Britt Insurance Agency. The workers' compensation policy was renewed for one year in July of 1975, but it was not renewed after July of 1976. The Britt Agency was sold to the Vanguard Agency about the end of 1976. On January 4, 1977, the presidents of Britt and Vanguard met with the Georgia branch manager of Commercial Union to determine the amount owed by Britt to the insurance company on its accounts. After making inquiries to the company's processing center in Louisiana, the manager informed Britt that the amount owed was $3,282.55. Vanguard's president issued a check, which did not contain a restrictive endorsement of any kind, for the amount claimed to be due from Britt to Commercial Union. The insurance company then terminated its agency agreement with Britt and

entered into a new agency contract with Vanguard.

In February of 1977, Commercial Union discovered that billing errors had been made on the workers' compensation and the multi-peril policies issued to Southeastern Ventilating. The insurance company notified Southeastern and demanded payment. After Southeastern refused to pay the additional premiums, the insurance company filed suit. Southeastern answered denying liability and filed a third-party complaint against Vanguard claiming it was formerly known as Britt and contending that a contractual relationship existed between it and Britt by which Britt collected the insurance premiums on the policies issued by Commercial Union and sought recovery against Britt for any judgment entered against it. Vanguard answered and asserted the defense of accord and satisfaction between itself and Commercial Union and counter-claimed against Southeastern for $4,332 on open account and filed a cross claim against Commercial Union alleging accord and satisfaction and seeking a judgment of $4,332 by right of subrogation on a direct loss caused by the insurance company's misrepresentation of accord and satisfaction. The trial court granted Southeastern a partial summary judgment as to amount owing Commercial Union prior to January 4, 1977, but allowed the plaintiff to recover any amount due after that date. *Held:*

The agency agreement with Britt provides:

"(2) The agent is hereby given full power and authority to collect, receive and receipt for premiums on insurance contracts (including bonds) tendered by Agent to and accepted by Company and to retain out of premiums so collected, as full compensation on business so placed with Company, commissions as agreed . . .

"(3) In the event of termination of this agreement, Agent having promptly accounted for and paid over all premiums for which he may be liable, Agent's records, use and control of expirations shall remain the property of Agent and be left in his undisputed possession; otherwise, the records, use and control of expirations shall be vested exclusively in Company . . . It is a condition of this Agreement that Agent shall refund ratably to Company on business heretofore or hereafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained regardless of whether such transactions take place during the term of this Agreement or after its termination.

"(4) Accounts of the business placed by Agent with Company shall be rendered monthly so as to reach Atlanta office not later than the 10th day of the following month: The balance shown to be due Company or Agent shall be paid not later than 60 days after the end of

the month for which the account is rendered . . .

"(10) Company will relieve Agent from responsibility for payment, due to inability to collect (a) earned premiums disclosed by reports or audits, provided written request for relief is made by Agent within (60) days from the end of the month in which the audit or report bill is rendered . . .

"(11) If Agent fails to collect any premiums in accordance with the terms of this Agreement, or if Agent is relieved of the responsibility to pay any premiums as provided in Section (10) above, Company shall have the right to collect such premiums in any manner it may see fit and such action by Company shall not relieve Agent of his liability under this Agreement to pay to Company all other premiums . . ." The agency agreement entered into between Vanguard and the insurance company is essentially the same as the one between Britt and the company.

While we agree with appellee that under the agency agreement between Britt and the insurance company the agency was responsible for collecting the premiums and forwarding the insurance company its portion, we are unable to to determine from the record whether section 11 was invoked by a refusal of the agent to collect the premiums or whether the insurance company considered itself to be the owner of the accounts under section 3 and could therefore proceed directly against the insured. Vanguard contends that it purchased Britt's accounts receivable, but the insurance company apparently disagrees. Therefore, the trial court could not have granted summary judgment on the basis that under the agency agreement the insurance company did not have a cause of action against the insured.

As to the alleged accord and satisfaction of which the appellee claims that it is a third-party beneficiary, we believe that the trial court erred in granting the motion upon this basis.

An accord and satisfaction occurs "if a creditor tenders to his debtor a sum of money, though it be less than the amount actually owed, and the tender is made upon the condition, express or implied, *that it satisfies the entire debt,* and if the creditor accepts the tender . . ." *American Associated Cos. v. Vaughan,* 213 Ga. 119, 120 (97 SE2d 144) (1957). (Emphasis supplied.) An accord and satisfaction also occurs with "the delivery and acceptance of a check as a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain . . ." *Hurst v. West Publishing Co.,* 138 Ga. App. 244, 245 (225 SE2d 713) (1976). It is not necessary that a check or the accompanying correspondence contain magic words such as "payment in full," "in full consideration" or "in final payment" if there is some other documentary evidence to show

what the check is intended to cover, i.e. itemization of deductions from the balance alleged to be due. *Souchak v. Close,* 132 Ga. App. 248 (207 SE2d 708) (1974). An accord and satisfaction is itself a contract which requires a meeting of the minds in order to render it valid and binding. *State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48 (250 SE2d 843) (1978); *Warner Robins Supply Co. v. Malone,* 143 Ga. App. 332 (238 SE2d 709) (1977). As a general rule, whether there is an accord and satisfaction is a jury question. *Nauman v. McCoy,* 84 Ga. App. 131 (65 SE2d 853) (1951). We find that a jury question existed in the present case. There is no documentary evidence that might even imply that the check was tendered in full satisfaction of all Britt's accounts or that the check was accepted as such. The deposition of Commercial Union's manager indicates only that it was his impression that the payment would bring Britt "current with us." Applying the rule that the party moving for summary judgment has the burden of showing the absence of any material facts and that all doubts are resolved against the movant, *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973), we find that the trial court erred in granting appellee's motion.

*Judgment reversed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1981.

*John C. Parker, William E. Turnipseed,* for appellant.
*J. D. Humphries III,* for appellee.
*Walter C. Alford,* amicus curiae.