### 62221. GREENWAY v. CHEATWOOD et al.

SOGNIER, Judge.

Cheatwood purchased a mobile home from Greenway and subsequently sold it to Pruitt for $2,000. Greenway, claiming an interest in the mobile home, sued Cheatwood for damages and Pruitt for recovery of the property. Cheatwood claimed that he had paid Greenway in full for the mobile home and Pruitt claimed that he was a bona fide purchaser for value of the home. The trial court directed a verdict in favor of Cheatwood and Pruitt on the merits of the case and allowed the issue of attorney fees in favor of Pruitt to go to the jury. Greenway appeals the directed verdicts and the award of attorney fees in favor of Pruitt.

1. Appellant contends that Cheatwood was not entitled to a directed verdict because the question of whether Cheatwood owed any money to Greenway for the purchase of the mobile home should have gone to the jury. We agree.

Greenway and Cheatwood entered into a lease-purchase agreement commencing September 1, 1979 which provided that Cheatwood would pay $150 per month for 24 months; the lease was to expire on September 1, 1981, at which time Cheatwood would be

entitled to purchase the mobile home for one dollar. It is undisputed that the lease had not expired at the time of trial and that Cheatwood had paid a total of $2,300. The total of payments under the lease is $3,600. At no time was Cheatwood in arrears in payments on the lease agreement. He answered and defended on the basis of accord and satisfaction, contending that Greenway relieved him of any further obligation on the lease and accepted $2,300 as full payment for the mobile home. Greenway denies that the obligation on the lease was satisfied by Cheatwood's payment. Whether there has been an accord and satisfaction in this case was a question of fact for the jury. *American Assoc. Companies v. Vaughn,* 213 Ga. 119, 121 (97 SE2d 144) (1957). Therefore, a directed verdict in favor of Cheatwood was error.

2. Appellant also contends that the trial court erred in directing a verdict in favor of Pruitt because Pruitt is not a bona fide purchaser for value. We agree.

When Cheatwood sold the mobile home to Pruitt he did not have a certificate of title to the property. Pruitt purchased the mobile home from Cheatwood without a certificate of title, relying only on Cheatwood's assurances that nothing was owed on the property and that as soon as he got the title, which had been applied for, he would give it to Pruitt. No further inquiry was made by Pruitt regarding the title.

Under Code Ann. § 68-415a (d), a transfer of a motor vehicle by an owner is not effective until the provisions of § 68-415a are complied with and no purchaser or transferee shall acquire any right, title, or interest in the vehicle until he obtains the certificate of title. Further inquiry on the part of Pruitt would not have revealed Greenway's interest in the mobile home; nevertheless, Pruitt would have been on notice that Cheatwood did not have marketable title to the mobile home. Under the circumstances, we cannot say that the trial court was correct in directing a verdict in favor of Pruitt based on his status as a bona fide purchaser for value. See *McConnell v. Barrett,* 154 Ga. App. 767, 769 (270 SE2d 13) (1980); *United Carolina Bank v. Sistrunk,* 158 Ga. App. 107, 109 (279 SE2d 272) (1981).

3. Appellant contends that the trial court erred in submitting the issue of attorney fees on behalf of Pruitt to the jury. Pruitt alleged by way of counterclaim that Greenway has been stubbornly litigious in filing the instant suit and another suit against him in Floyd County. A defendant cannot recover attorney fees based on a counterclaim alleging bad faith on the part of the plaintiff in filing suit. *Hickman v. Frazier,* 128 Ga. App. 552 (197 SE2d 441) (1973); *Ballenger Corp v. Dresco &c. Contractors,* 156 Ga. App. 425, 431 (274 SE2d 786) (1980). Hence, the trial court erred in submitting Pruitt's

claim for attorney fees to the jury.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 7, 1981 —
REHEARING DENIED OCTOBER 23, 1981.

*Marson G. Dunaway, Jr.,* for appellant.
*Michael D. McRae, T. Peter O'Callaghan, Jr.,* for appellees.