65347. CARPET TRANSPORT, INC. v. TMS INSURANCE AGENCY, INC.

McMURRAY, Presiding Judge.

Plaintiff TMS Insurance Agency, Inc. sued defendant Carpet Transport, Inc. to recover the balance of an insurance premium allegedly due. The full premium was $25,059.81 and defendant

purported to pay it as follows: $7,300 in deposits on account; a $3,207.13 assignment; a $3,298.60 pending uninsured motorist claim; $6,564.48 in expected rebate for cancellation of coverage; and a check in the amount of $4,689.60, bearing the notation that it was for "Ins. premiums to date."

Plaintiff's suit was for $9,793.43, which consists of the claimed credits for the uninsured motorist claim and the expected rebate, less an unrelated valid credit. The basis of the suit was the allegation that the uninsured motorist claim was not collectible, together with the allegation that there was no rebate payable, and therefore defendant was not entitled to use these items as credits toward the premium due. Defendant's defense was the contention that the plaintiff's acceptance of the check, as marked, constituted an accord and satisfaction. The case was tried and, after denying defendant's motion for directed verdict, the trial court submitted it to the jury. Defendant now appeals the jury verdict for plaintiff, asserting that the verdict is contrary to law and to the weight of the evidence. *Held:*

Defendant's contention that plaintiff's acceptance of the check was an accord and satisfaction as a matter of law is unpersuasive. The issue of whether there has been an accord and satisfaction is generally for the jury to decide. *Greenway v. Cheatwood,* 160 Ga. App. 143, 144 (1) (286 SE2d 471); *Commercial Union Assurance Co. v. Southeastern Ventilating,* 159 Ga. App. 443, 445-446 (283 SE2d 660); *Woodstock Rd. Investment Properties v. Lacy,* 149 Ga. App. 593, 594 (1) (254 SE2d 910); *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853, 855 (1) (244 SE2d 925). See also *American Assn. Cos. v. Vaughan,* 213 Ga. 119 (1), 120-121 (6) (97 SE2d 144); *Epps Air Svc. v. Lampkin,* 125 Ga. App. 779 (1) (189 SE2d 127) (revd. on other grounds, s.c., 229 Ga. 792 (194 SE2d 437)). Here, the burden of proof was with the defendant, as the party asserting the defense. OCGA § 24-4-1 (formerly Code § 38-103); *Fowler v. Gorrell,* 148 Ga. App. 573, 574-575 (1) (251 SE2d 819); *State Farm Fire &c. Co. v. Fordham,* 148 Ga. App. 48, 52-53 (2) (250 SE2d 843); *McCullough v. Mobiland,* 139 Ga. App. 260 (1) (228 SE2d 146).

Under the circumstances of the case sub judice, defendant's initial task was to prove that it tendered "a check . . . marked 'payment in full' or with language of equivalent condition, in an amount less than the total indebtedness," and that plaintiff accepted such payment. OCGA § 13-4-103 (b) (formerly Code Ann. § 20-1204 (b) (Ga. L. 1979, pp. 1051, 1052)). Defendant then bore the burden of proving either that plaintiff accepted the check, so marked, when the amount due was in bona fide dispute or that a controversy existed as to the amount due; or that plaintiff accepted the payment pursuant to an independent agreement that it shall satisfy the entire debt. In

regard to the latter, see also OCGA §§ 13-4-100 and 13-4-102 (formerly Code §§ 20-1201 and 20-1203); *Commercial Union Assurance Co. v. Southeastern Ventilating,* 159 Ga. App. 443, 445-446, supra; *Prater v. American Protection Ins. Co.,* 145 Ga. App. 853, 855 (1), supra.

We find that the accord and satisfaction issue in the case sub judice presented several questions for the jury and thus was not resolvable purely as a matter of law. As to the initial elements, the evidence conclusively showed that defendant tendered a check in an amount less than the total indebtedness and that plaintiff accepted the check. However, we cannot say as a matter of law that the notation written on the check, "Ins. premiums to date," is "language of equivalent condition" to "payment in full" under the circumstances of this case. OCGA § 13-4-103 (b), supra. See *Mut. Benefit Health & Accident Assn. v. Reed,* 144 Ga. App. 853, 858 (2) (242 SE2d 731). Compare *Hurst v. West Pub. Co.,* 138 Ga. App. 244, 245 (1) (225 SE2d 713).

In light of the fact that the check was tendered as part of a package consisting of cash, cash deposits, an assignment and the two claimed credits at issue, as well as the fact that the amount of the check ($4,689.60) represented less than twenty percent of the amount due ($25,059.81), it cannot reasonably be said that the check itself was accepted, or even offered, as payment in full. Looking at the check as part of the package, the jury could have reasonably found that plaintiff accepted the check as full payment only on condition that the remainder of the package proved to be valid. The jury also could have found that defendant so intended. This is further evidenced by the fact that the amount of the check ($4,689.60) equals the difference between the premium due ($25,059.81) and the aggregate of the other items in the offered package ($20,370.21).

Furthermore, even if the jury decided the initial issue favorably to defendant (which is not foreclosed by the verdict), we cannot say as a matter of law that defendant satisfied its burden as to the two alternative tests of OCGA § 13-4-103 (b) (Code Ann. § 20-1204), supra. The statute was not satisfied as a matter of law, or by the weight of the evidence, as a material issue remained as to whether or not there was a bona fide dispute over the amount due or that a controversy existed as to the amount due when defendant's check was tendered and accepted; or that plaintiff accepted the payment pursuant to an independent agreement that it shall satisfy the entire debt. See generally *Chrietzberg v. Kristopher Woods, Ltd.,* 162 Ga. App. 517, 518 (292 SE2d 100). The gross amount due, $25,059.81, was apparently not disputed (or at least the jury could have so found), and there was evidence by which the jury could have reasonably found

that the dispute over the validity of the claimed credits did not arise until after the check was accepted. The issue of whether plaintiff accepted the check in full payment pursuant to an independent agreement was very much in dispute, as noted above. In short, we find that defendant failed to produce sufficient evidence to demand a verdict in its favor. See *American Assn. Cos. v. Vaughan,* 213 Ga. 119 (1), (6), supra; *Epps Air Svc. v. Lampkin,* 125 Ga. App. 779 (1), supra. The verdict was authorized by the evidence.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 10, 1983.

*C. Ronald Patton,* for appellant.
*James H. Phillips,* for appellee.