51855. HURST v. WEST PUBLISHING COMPANY.

QUILLIAN, Judge.

The plaintiff (appellee here) brought suit seeking to recover an amount allegedly due under a written contract. Both the plaintiff and the defendant (appellant

here) moved for summary judgment. The trial judge granted the plaintiff's motion and denied that of the defendant. Appeal followed. *Held:*

1. The defendant contends that there was an accord and satisfaction of the debt in question. The record reveals that the defendant gave the plaintiff a check in the amount of $332.37 which contained on the front the following language "For final settlement of date" and recited on the back above the space for indorsement "final settlement to date acknowledged." A letter accompanying the check and addressed to the plaintiff stated: "Find enclosed my check in full payment of my outstanding indebtedness to West Publishing Company." The check was indorsed, and presented by the plaintiff and charged against the account of the defendant.

In *American Oil Co. v. Studstill,* 230 Ga. 305 (196 SE2d 847), the Georgia Supreme Court reiterated that the established rule is still applicable where the check has been presented and charged against the account of the maker. Hence, the delivery and acceptance of a check as a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain, amounts to an accord and satisfaction. *Rivers v. Cole Corp.,* 209 Ga. 406, 408 (73 SE2d 196).

2. Although no application for interlocutory appeal has been granted (nor indeed was any application filed) with regard to the denial of defendant's motion for summary judgment, we consider such denial since appeal was taken from the grant of the plaintiff's motion for summary judgment. *Ga. Motor Club v. First Nat. Bank &c. Co.,* 137 Ga. App. 521.

In this case, although there is an accord and satisfaction, the proof offered fails to show whether it operates solely as to defendant's account alone or as to the partnership account which is the subject of this claim. Hence, in its present state, the case is not ripe for final disposition, for unless and until such fact can be established as a matter of law a jury must make the determination.

The trial judge erroneously granted the plaintiff's motion for summary judgment against the appellant, but correctly denied the defendant's motion.

*Judgment reversed in part; affirmed in part. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED MARCH 11, 1976 — REHEARING DENIED MARCH 29, 1976.

*William R. Hurst,* for appellant.
*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, H. William Cohen, Arthur P. Tranakos,* for appellee.