## 64263. SHEPHERD v. SHEPHERD.

SOGNIER, Judge.

Wiley Shepherd, Sr. by his next friend, Wiley Shepherd, Jr., filed a complaint against Cleo Shepherd seeking to require the execution of a warranty deed for property that Wiley purchased from Cleo in 1957. The trial court granted Wiley's motion for summary judgment based on Cleo's failure to respond to certain requests for admission. Cleo appeals.

1. Appellant contends that the trial court erred in granting summary judgment because she had responded to the requests for admission in a deposition taken by appellee. However, the deposition was not made a part of the record. Appellant did not file written answers or objections to the requests for admission. Code Ann. § 81A-136 (a). In response to appellee's motion for summary judgment appellant's counsel, by affidavit, attempted to explain appellant's failure to respond to the requests for admission. However, the proper procedure in such a case would be a motion to withdraw or amend the

admissions. Code Ann. § 81A-136 (b). No motion was made and any attempt to controvert the facts admitted by appellant's failure to answer should not be permitted by the trial court. *ETI Corporation v. Hammett,* 140 Ga. App. 618, 619 (231 SE2d 545) (1976); *Albitus v. Farmers & Merchants Bank,* 159 Ga. App. 406 (283 SE2d 632) (1981). Thus, the trial court did not err in granting summary judgment based on the admissions made by appellant's failure to respond to the requests for admission.

2. Appellant also contends that the trial court erred in granting summary judgment because appellee's suit is barred by the statute of limitations. Appellant did not raise the statute of limitations defense in her responsive pleadings; rather, the defense was raised in a pleading designated "Response to Motion for Summary Judgment." The statute of limitations is an affirmative defense which must be pleaded. Code Ann. § 81A-108 (c). However, this court has held that where the plaintiff did not object to defendant's failure to plead the defense and no surprise is claimed, the defense of the statute of limitation has not been waived and may be raised in a response to a motion for summary judgment. *Fortier v. Ramsey,* 136 Ga. App. 203, 206 (220 SE2d 753) (1975); *Brown v. Quarles,* 154 Ga. App. 350, 352 (268 SE2d 403) (1980); cf. *Dromedary, Inc. v. Restaurant Equipment Mfg. Co.,* 153 Ga. App. 103 (264 SE2d 571) (1980).

Appellant contends that Wiley's claim is barred by the 10-year statute of limitation as provided in Code Ann. § 3-709. By virtue of Cleo's failure to deny or controvert the requested admissions, she has admitted that the property in question has been held in a constructive trust for Wiley. There is no evidence when or if Cleo's possession of the property became wrongful or adverse so as to commence the running of the statute of limitation. " 'As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner, it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice, to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice." *Parlin v. McClure,* 169 Ga. 576, 578 (150 SE 835) (1929); see also *Chapman v. McClelland,* 248 Ga. 725, 727 (4) (286 SE2d 290) (1982). Thus, appellant's contention that the suit is barred by the statute of limitations has no merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982 —

*George W. Carreker,* for appellant.
*William E. Zachary, Jr.,* for appellee.