## 67771. THE STATE v. COLLINS et al.

QUILLIAN, Presiding Judge.

Appellees here were defendants in a criminal prosecution in which they were charged with theft by extortion of the sum of $2,000 from Ford Motor Credit Corporation. At the time of their arrest the money was seized and held by the State who prior to the defendants'

trial delivered the money to Ford Motor Credit Corporation. The trial resulted in the acquittal of both defendants. Thereupon, in Bibb Superior Court the defendants filed a motion for return of property under OCGA § 17-5-50, alleged their acquittal and demanded the return of their money.

The State filed a response alleging that the money was in fact the property of Ford Motor Credit Corporation and that defendants were required to seek redress from that company.

After a hearing the trial judge entered an order reciting basically the facts herein set forth and found the State was indebted to the defendants based on the following conclusions of law:

"At the time the State seized the $2,000.00, they became a stakeholder having knowledge that the defendants and Ford Motor Credit Corporation had claim to the $2,000.00. Apparently, on the assumption that the defendants would be convicted the State delivered the cash to Ford Motor Credit Corporation. Indeed, if the defendants had been convicted there would have been no question that the cash should be delivered to Ford Motor Credit Corporation. However, when the State seizes an individual's property on arrest, the State must return that property to the individual if he is found not guilty of the crime or crimes charged."

Thereupon, the State moved to set aside the order on the grounds that it was void principally because of the doctrine of sovereign immunity and because the Attorney General was not notified as required by OCGA § 9-10-2.

The trial judge denied the motion to set aside for the reasons that notice to the Attorney General was not necessary in a proceeding pursuant to OCGA § 17-5-50 and there is no sovereign immunity under that code section. The court also pointed out: "The State of Georgia now contends that since they did not comply with the statute in question, it is inappropriate for the Court to award any sum of money to the aggrieved parties. In the Court's best judgment, this simply cannot be the results of this unfortunate affair. The State seized $2,000 from these citizens, and the State should not now be excused from responsibility for their own error."

The State appeals that judgment. *Held*:

OCGA § 17-5-50 provides a comprehensive method by which ownership of property seized or utilized as evidence may be determined. However, no language contained therein can be construed to waive the state's sovereign immunity.

Our Constitution provides: "(a) Sovereign immunity extends to the state and all of its departments and agencies. However, the defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies. Also the de-

fense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided. Moreover, the sovereign immunity of the state or any of its departments and agencies may hereafter be waived further by Act of the General Assembly which specifically provides that sovereign immunity is hereby waived and the extent of the waiver." Art. I, Sec. II, Par. IX.

The Supreme Court has ruled that sovereign immunity which had been previously maintained by judicial fiat was subsequently affixed on Georgia citizens by the preceding versions of this Constitutional provision which was added by amendment in 1974. As held in *Clark v. State of Ga.*, 240 Ga. 188 (240 SE2d 5): "In 1974 a constitutional amendment was ratified authorizing the establishment of a State Court of Claims. Code Ann. § 2-3401. This court has held that by virtue of the adoption of this amendment the doctrine of State sovereign immunity now has constitutional status and cannot be abrogated or modified by this court. *Azizi v. Bd. of Regents of U. of Ga.*, 233 Ga. 487, 488 (212 SE2d 627) (1975)." The present portion of the Constitution, quoted supra, preserves such status.

*Nat. Dist. Co. v. Dept. of Transp.*, 248 Ga. 451 (283 SE2d 470) held that while sovereign immunity may be waived by legislative act the waiver must be express in order to be effective.

OCGA § 17-5-50 places the duty on the State to act as a custodian or stakeholder of the property pending a determination after a hearing. It imposes no liability on the State and most certainly does not expressly waive sovereign immunity. Thus, the fact the State or its officials may have released the property in question, here money, to the wrong person or did so without following the proper procedure would not serve to divest it of its immunity from suit as guaranteed by our Constitution. Thus, despite whether this is fundamentally unfair or not has no effect on the result since sovereign immunity is often unjust and serves to deprive individuals injured by the State of any legal relief. In this case, defendants are not totally divested of access to our courts since they may pursue all remedies they may have against the party now in possession of the property.

*Judgment reversed. Birdsong, J., concurs. Carley, J., concurs specially.*

DECIDED JUNE 18, 1984.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney*

*General, Victoria H. Soto, Assistant Attorney General,* for appellant.
*Luther Strickland, Jr.,* for appellees.

CARLEY, Judge, concurring specially.

With regret, and in frustration, I must concur in the judgment of the majority with one additional comment:

I want to emphasize that I concur in the result of the majority opinion solely because, try as I might, I simply cannot find any authority upon which to base an exception to the bar of sovereign immunity in this case. If I could, I would and I totally agree with the sentiments expressed by the trial judge. Although the majority, in its statement of facts, quoted the relevant portion of the trial court's order, I believe that it deserves the emphasis achieved by repetition, to wit: *"The State of Georgia now contends that since they did not comply with the statute in question, it is inappropriate for the Court to award any sum of money to the aggrieved parties. In the Court's best judgment, this simply cannot be the results of this unfortunate affair. The State seized $2,000 from these citizens, and the State should not now be excused from responsibility for their own error."* (Emphasis supplied.) The trial court opinion is the essence of logic and fairness, but we are powerless to uphold it.