73721, 73722. HARDIGREE v. McMICHAEL et al. (two cases).
(353 SE2d 78)

DEEN, Presiding Judge.

On December 26, 1982, Tyron Hardigree and his wife, Donna, were involved in an automobile collision with a vehicle driven by Christopher McMichael and owned by Charles McMichael. Following the collision, the Hardigrees were taken to a hospital emergency room, where they were examined for injuries and released approximately two hours later. On December 27, 1982, an agent of Allstate Insurance Company, McMichael's insurer, called and discussed the matter with Tyron Hardigree. On December 28, 1982, the agent forwarded to the Hardigrees a bank draft for $250, made payable to Tyron Hardigree and Donna Hardigree, individually or as husband and wife, specifying the payment as "final settlement of claim for bodily injury arising from accident on December 26, 1982." This draft was accidentally destroyed, but on January 6, 1983, the insurer issued another $250 draft identical to the first. (The insurer also compensated the Hardigrees for the full value of their automobile.)

Only Tyron Hardigree endorsed the draft when he cashed it, but his wife was aware of the language on the draft about the final settlement. Both acknowledged that they understood what the language meant, but claimed that they had confronted the insurer's agent about it and had been assured that the money was only for their personal inconvenience and had no bearing on any possible claim for medical expenses. After he cashed the draft, Tyron Hardigree used the money to pay toward his medical expenses.

In response to the Hardigrees' communication in August 1983 of their intent to seek additional compensation for their injuries, the in-

surer asserted in November 1983 its position that an accord and satisfaction had occurred. The Hardigrees commenced separate actions against the McMichaels on December 20, 1984, seeking to recover for their personal injuries. The trial court subsequently granted summary judgment for the defendants, on the bases that the Hardigrees' acceptance of the bank draft acted as an accord and satisfaction, and that their retention of the funds barred any right to rescind the settlement, and both Hardigrees appeal. *Held*:

1. "[T]he delivery and acceptance of a check as a stated amount in full and complete settlement of a claim, whether the amount of the claim is established or uncertain, amounts to an accord and satisfaction." *Hurst v. West Pub. Co.*, 138 Ga. App. 244, 245 (225 SE2d 713) (1976); *Commercial Union Assur. Co. v. Southeastern Ventilating*, 159 Ga. App. 443, 445 (283 SE2d 660) (1981). In the instant case, both Hardigrees acknowledged that the language on the draft, indicating that the payment was final settlement of the claim, was unequivocal. The Hardigrees' only arguable basis for avoiding the accord and satisfaction was the alleged fraud in the inducement perpetrated by the insurer's agent. However, as a matter of law no actionable fraud was demonstrated because the Hardigrees simply were not justified in relying upon the agent's representation that the draft was issued merely as compensation for their personal inconvenience, given the clear and definite, contrary language on the draft itself. See *State Farm Fire &c. Co. v. Fordham*, 148 Ga. App. 48 (1) (250 SE2d 843) (1978); *Bimbo Bldrs. v. Stubbs Properties*, 158 Ga. App. 280 (1) (279 SE2d 730) (1981). Accordingly, the trial court properly granted summary judgment for the defendants.

2. We reject the Hardigrees' contention that the accord and satisfaction was void because it resulted from a violation of OCGA § 51-1-35. That Code section prohibits, for 15 days from the date of the occurrence causing the injury, negotiation or attempted settlement of a matter with an injured party who is confined to a health care facility. In this case, the Hardigrees were not confined to a health care facility, and the Code section thus obviously is inapplicable.

*Judgments affirmed in both appeals. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 21, 1987.

*Wynn Pelham*, for appellants.
*W. Allan Myers*, for appellees.