A97A2194. SMITH v. STEINEMANN DEVELOPMENT COMPANY.
(497 SE2d 255)

JOHNSON, Judge.

Steinemann Development Company ("SDC") sued David Smith for breach of contract and fraud and deceit. SDC filed a motion for partial summary judgment as to the breach of contract claim. The trial court granted SDC's motion, and Smith appeals. We affirm the trial court's grant of partial summary judgment to SDC, but vacate the trial court's award of legal fees and expenses to SDC.

1. In his first enumeration, Smith contends the trial court erred in relying on affidavits served by SDC three days before the scheduled hearing on its motion for partial summary judgment.

Pursuant to OCGA § 9-11-6 (d), "[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion." However, an objection to the timeliness of an affidavit submitted in support of a motion for summary judgment will be deemed waived unless it is itself timely raised in the trial court. See, e.g., *Southeastern Hose v. Prudential Ins. Co. &c.*, 167 Ga. App. 356, 358 (3) (306 SE2d 308) (1983).

While Smith asserts in his appellate brief that his counsel objected to the use of these affidavits at the time of the hearing on SDC's motion for summary judgment, there is nothing in the record to substantiate this. "It is well settled that this court will not consider factual representations made in a brief which are not supported by the record." *Pruitt v. Tyler*, 181 Ga. App. 174, 175-176 (1) (351 SE2d 539) (1986). Smith's attorney, if in fact he made a timely objection but failed to perfect the record, could have availed himself of the procedure available pursuant to OCGA § 5-6-41 (f) to obtain a record of the objection. Id. Since this procedure was not utilized, we must conclude, based on the record before us, that SDC's additional affidavits were not objected to and were therefore properly before the trial court. Id.

2. The trial court did not err in concluding that Smith is liable to SDC under the contract.

The record shows that Smith and SDC entered into a contract wherein SDC would purchase real property located in Fulton County and grant Smith an option to acquire the property at a later date. The contract also gave SDC an option to acquire real property in Gwinnett County from Smith provided certain terms and conditions were met. As part of these terms and conditions, Smith executed an indemnity agreement. Regarding the Gwinnett County property, the indemnity provision, located in paragraph 5 of Exhibit E to the contract, provides as follows: "Smith warrants and represents to [SDC] and to FCS that no other person or entity has any interest in the . . . Purchase Contract or any similar right to obtain an interest in the . . . Property by, through or under AIM or Smith (including, without limitation, any rights of JPI, which Smith warrants have expired) and agrees to defend, indemnify and hold harmless FCS and [SDC] from and against any claim, liability, loss expense, including without limitation, attorneys fees, arising out of or related to the existence or assertion of any such interest or right."

After Smith and SDC executed the contract, SDC accepted an assignment of the Gwinnett County property contract. As part of that assignment, Smith and SDC signed a "Memorandum of Understanding," which states: "Notwithstanding the claims of Jefferson Creek Associates, L.P., the parties acknowledge and reaffirm that the representation, warranty and indemnity obligations of David L. Smith

under Paragraph 5 of *Exhibit 'E'* of the Agreement shall survive consummation of the Assignment and the closing of the sale of the [Gwinnett County property] pursuant to the Agreement."

Shortly thereafter, Jefferson Creek Associates, the assignee of a corporation which previously had a contractual right to purchase the Gwinnett property, brought an action against SDC, Smith and others, claiming an interest in the property. The action was tried before a jury, but was settled and dismissed prior to the entry of judgment without either Smith or SDC admitting any liability.

SDC then filed the present suit, alleging Smith is liable for attorney fees and legal expenses, as well as other incidental expenses, incurred in connection with the earlier action under the indemnity provision of their contract.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "The movant has the original burden of making this showing. Once the movant has made a prima facie showing that it is entitled to judgment as a matter of law, the burden shifts to the respondent to come forward with rebuttal evidence." (Citation and punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-393 (2) (469 SE2d 469) (1996). In rebutting this prima facie case, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [OCGA § 9-11-56], must set forth specific facts showing that there is a genuine issue for trial." OCGA § 9-11-56 (e). See also *Lau's Corp.*, supra.

According to Smith, he "has squarely denied liability under the indemnity agreement through his answer and affirmative defenses and his response to [SDC's] statement of undisputed facts." However, Smith cannot rest upon the mere allegations or denials of his pleadings. He has failed to come forward with any evidence showing that his affirmative defenses are meritorious or that there is a genuine issue for trial. He failed to provide the trial court with any evidence contesting the fact, execution, validity or enforceability of the contract containing the indemnity provision. Thus, whether Smith admitted liability or not, the trial court did not err in finding him liable under the indemnity provision of the contract. A trial court's ruling, right for any reason, will be affirmed on appeal. *Keith v. Alexander Underwriters &c.*, 226 Ga. App. 838, 840 (1) (487 SE2d 673) (1997).

3. Smith further asserts that the trial court erred in concluding that he did not dispute the amount of legal fees and expenses sought

by SDC. We agree. The trial court's judgment as to the amount of legal fees and expenses is vacated, and the case is remanded for further proceedings.

In paragraph 9 of his order, the trial judge stated that the amount of legal fees and expenses incurred by SDC is not disputed by Smith. He then entered judgment against Smith for the sum set forth by SDC. However, both Smith and his attorney submitted affidavits contesting the reasonableness of the legal fees and expenses sought by SDC. Therefore, the trial court's judgment must be reversed and the case remanded so that the amount of legal fees and expenses may be proven at trial. *Southern Co. v. Hamburg*, 220 Ga. App. 834, 842 (5) (470 SE2d 467) (1996); *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 737 (1) (458 SE2d 711) (1995).

*Judgment affirmed in part, reversed in part and case remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 5, 1998 —
RECONSIDERATION DENIED FEBRUARY 18, 1998

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellant.

*Doffermyre, Shields, Canfield & Knowles, Everette Doffermyre, Jr., Samuel W. Wethern, R. Keegan Federal, Jr., Louis Levenson*, for appellee.