## A00A0300. RABENSTEIN v. CANNIZZO.
(534 SE2d 847)

ANDREWS, Presiding Judge.

While driving an automobile insured by Allstate Insurance Company, Jill Cannizzo collided with an automobile driven by Jessie Rabenstein. Rabenstein sued Cannizzo for personal injury caused by the October 3, 1995 collision, and Cannizzo moved for summary judgment alleging that the claim against her was discharged by accord and satisfaction when, over a year prior to the suit, Rabenstein accepted and cashed a check from Allstate in the amount of $9,145 which contained a provision on the front of the check stating: "Final Settlement Of Any And All Claims Arising From Bodily Injury Caused By Accident On 10/03/95."[1] The trial court granted Cannizzo's motion for summary judgment. We affirm the trial court because the evidence established, as a matter of law, that the claim was discharged by accord and satisfaction when Rabenstein cashed the check containing the final settlement provision and retained the settlement proceeds.

The delivery and acceptance of a check stating on its face that it constitutes final settlement of a claim, whether the amount of the claim is established or uncertain, amount to an accord and satisfaction which discharges the claim. *Hardigree v. McMichael*, 181 Ga. App. 583 (353 SE2d 78) (1987); *Wade v. Crannis*, 209 Ga. App. 501, 503 (433 SE2d 669) (1993). In support of her motion for summary judgment on this basis, Cannizzo produced deposition testimony from Betty Strott, the Allstate claim representative who handled Rabenstein's claim against its insured. Although Strott had no independent memory of specific aspects of Rabenstein's claim among the thousands of claims she handled for Allstate, she identified records kept in the normal course of business and procedures she habitually followed in the routine course of handling claims, including Rabenstein's claim. Based on the records related to Rabenstein's claim and the procedures she followed in that claim, Strott testified that she and Rabenstein settled the claim for $9,145, that she explained to

---

[1] It is undisputed that the property damage portion of Rabenstein's claim had already been settled.

Rabenstein that this was a final settlement of the claim, and that she sent Rabenstein a check in that amount which contained a provision on its face stating: "Final Settlement Of Any And All Claims Arising From Bodily Injury Caused By Accident On 10/03/95." Strott also identified the cashed settlement check bearing her signature, the final settlement provision, and Rabenstein's endorsement and testified that she had an independent memory that she had handled a claim by Rabenstein and that the claim had settled.

Rabenstein admitted in deposition testimony that she received the check from Allstate in the amount of $9,145, that she looked at the check, and that she deposited the proceeds from the check into her bank account. She testified that she did not sign a release document that was sent along with the check. When asked if she read the front of the check containing the final settlement provision, Rabenstein responded, "Well, I don't recall seeing [the settlement provision] on it, but at that point I needed the money." She further testified that, although she could not recall Strott telling her that the check was being sent to settle her claim, she could not testify that Strott did not tell her the check was to settle the claim. Accordingly, Rabenstein's deposition testimony shows that she did not deny she was told the check was to settle her claim, nor did she deny that the check contained the settlement provision — she said she could not recall.

About three months after giving her deposition testimony, Rabenstein gave a sworn affidavit in opposition to Cannizzo's motion for summary judgment. In the affidavit, Rabenstein stated that she told Strott she would accept $9,145, not as settlement of her claim, but as payment for medical expenses she had incurred as of that date, and that Strott told her Allstate would pay her $9,145 for that purpose. Rabenstein further stated in her affidavit as follows:

> In my deposition, I testified that I did not recall Ms. Strott advising me that the check for $9,145.00 would be settling all claims arising from the Collision. However, I do specifically recall that Ms. Strott did not inform me that the check for $9,145.00 was to represent a final settlement of all claims arising from the Collision. . . . At all times, I have understood that the check issued to me for $9,145.00 represented only payments by Allstate for expenses surrounding my medical treatment up to June 14, 1996. . . . I did examine the check prior to signing it. Upon further reflection, I did not see any language of release or final settlement on the check.

The affidavit given by Rabenstein after her deposition contradicts her deposition testimony in which she stated that she could not

recall if Strott told her the check was being sent to settle her claim and could not recall if the check contained the settlement provision. In considering a motion for summary judgment, all the evidence is normally construed in favor of the nonmoving party, but testimony by the nonmoving party which contradicts other testimony given by the nonmoving party will be construed against that party, unless a reasonable explanation for the contradiction is offered. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986). In the absence of any reasonable explanation by Rabenstein for the contradictory testimony given in her affidavit, application of the contradictory testimony rule in *Prophecy* requires elimination of the portions of this testimony favorable to Rabenstein's claim. Id. at 28.

Considering the evidence as it stands after eliminating such testimony, the record shows Strott's testimony that Rabenstein agreed to settle the claim for $9,145 and that she sent Rabenstein a check in that amount with the final settlement language on the face of the check. Although Strott could not remember the details of handling Rabenstein's claim, she identified business records showing that the claim was settled for $9,145 (OCGA § 24-3-14) and testified that she acted in accordance with fixed procedures habitually followed on settled claims by sending Rabenstein a check in the settlement amount containing the final settlement provision. *Fletcher Emerson Mgmt. Co. v. Davis*, 134 Ga. App. 699, 701 (215 SE2d 725) (1975). Strott also identified the cashed settlement check bearing her signature, the final settlement language, and Rabenstein's endorsement and remembered handling a claim by Rabenstein and that the claim had settled.

This evidence was sufficient to establish a prima facie case in support of Cannizzo's affirmative defense of accord and satisfaction and to shift the burden of production to Rabenstein to produce evidence setting forth specific facts rebutting this defense and establishing a genuine issue for trial. *Smith v. Steinemann Dev. Co.*, 230 Ga. App. 635, 637 (497 SE2d 255) (1998); *Lewis v. Smith*, 238 Ga. App. 6, 9 (517 SE2d 538) (1999). Rabenstein's deposition testimony in which she admitted receiving and cashing the check for $9,145 and stated that she could not recall the settlement provision on the check or being told the check was for settlement failed to set forth specific facts rebutting the defense of accord and satisfaction.

Accordingly, the trial court properly granted summary judgment in favor of Cannizzo. *Wade*, 209 Ga. App. at 503-504.[2]

---

[2] Since we find Strott's deposition testimony supported the grant of summary judgment, we need not address Rabenstein's claim that an affidavit given by Strott was insufficient. There is no merit to Rabenstein's additional claim that the trial court should have

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED MAY 19, 2000.

*Weinstock & Scavo, Michael Weinstock, John B. Levy, Kerry A. Lunz*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Charles G. Ragsdale*, for appellee.

---

addressed the issue of fraud. Rabenstein did not plead fraud, and in any event, there was no evidence to support a claim of fraud.