## A00A1828. DUNN v. RELIABLE TRACTOR, INC.
### (545 SE2d 695)

SMITH, Presiding Judge.

Reliable Tractor, Inc. sued Randy Dunn on a promissory note. The trial court granted Reliable's motion for summary judgment on all claims and counterclaims, including principal and accrued interest on the promissory note, plus attorney fees. Because we conclude that an issue of material fact exists concerning the amount due on the note, we reverse.

On July 17, 1997, Berrien Gin Company, Inc. and Dunn, the president of Berrien Gin, executed a promissory note in the principal amount of $429,861.80 in favor of Reliable. It appears that the note was issued following a dispute between Reliable and Dunn concerning Dunn's obligation to Reliable on a previous debt.[1] Neither Berrien Gin nor Dunn made any payments under the note, and, on May 12, 1998, Reliable declared the note in default and demanded payment of all principal and accrued interest. Reliable then filed this action against Dunn. The trial court granted a motion for summary judgment filed by Reliable, and this appeal by Dunn ensued.

1. We first address a procedural issue. Dunn contends that the trial court should not have considered Reliable's motion for summary judgment because of Reliable's failure to submit a statement of uncontested material facts. See Uniform Superior Court and State Court Rule 6.5. Indeed, no such statement appears to have been attached to Reliable's motion for summary judgment filed on September 10, 1999, and Dunn raised this failure in his response to the motion, which he filed October 12, 1999. Dunn also filed his own affidavit in support of his response. Also on October 12, 1999, Reliable filed its USCR 6.5 statement, and a hearing on the motion was conducted two days later.

Four days after the hearing, on October 18, 1999, despite his attorney's statement at the conclusion of the hearing that he did not intend to present further argument by letter brief or in any other manner, Dunn filed his own short and concise statement of material facts in dispute, a supplemental brief, and a second affidavit in opposition to the motion for summary judgment. Dunn subsequently submitted a "bankruptcy court pleading to dispute" an affidavit submitted by Reliable in support of its motion. Reliable then filed a supplemental brief responding particularly to issues raised in this

---

[1] In an affidavit submitted in support of its motion for summary judgment, Reliable submitted evidence that in 1996, Dunn had refinanced "various notes secured by cotton pickers with John Deere, Inc. and, in connection with the purchase of various cotton pickers from John Deere, Inc., Reliable . . . provided the down payment with [Dunn] executing a promissory note to Reliable for these amounts."

latest documentation filed by Dunn. Approximately one month later, the trial court granted Reliable's motion.

Dunn contends that because Reliable's USCR 6.5 statement was not timely filed, he was unable to dispute Reliable's material facts until after the hearing occurred. But it is obvious from Dunn's argument that he *was* afforded the opportunity to respond to Reliable's USCR 6.5 statement. He submitted his own statement of material facts in dispute and filed other documents in response to the facts raised by Reliable, including evidence in the form of a second affidavit. We note that Reliable responded in turn to the contentions raised by Dunn after the hearing was concluded. Reliable therefore acquiesced to the trial court's consideration of evidence filed after the hearing and waived any objection it might have had to the untimely filed affidavits. See generally *Smith v. Steinemann Dev. Co.*, 230 Ga. App. 635, 636 (1) (497 SE2d 255) (1998) (although affidavit supporting motion must be served with motion, objection to timeliness of affidavit waived unless timely raised in trial court).

Under the circumstances of this case, in which both parties failed to comply fully with procedural rules concerning the filing of and responses to motions, we conclude that each party was afforded the opportunity to respond to the other's arguments and evidence submitted to the trial court and that the trial court did not err in failing to deny Reliable's motion on the procedural ground raised by Dunn.

2. We next address Dunn's more substantive contention that the trial court erred in granting Reliable's motion for summary judgment. In ruling on a motion for summary judgment, the opposing party must be given the benefit of all reasonable doubt, and the court must construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). We carefully scrutinize the evidence presented by the movant, while we treat the respondent's papers "with considerable indulgence." (Citation omitted.) *Maddox v. Leaphart*, 214 Ga. App. 340, 342 (3) (447 SE2d 694) (1994).

In a suit on a note, "when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." (Citation, punctuation and footnote omitted.) *Braswell v. Bank of Early*, 229 Ga. App. 445, 447 (494 SE2d 277) (1997). See also OCGA § 11-3-308 (b). There appears to be no dispute that Dunn signed the note. Reliable has therefore established a prima facie right to a recovery, shifting the burden to Dunn to establish a valid defense. See *Braswell*, supra.

Bearing in mind the heavy burden placed on a party moving for summary judgment, and giving "considerable indulgence" to the evi-

dence presented by Dunn, we conclude that Dunn has pointed to some evidence showing that issues of fact exist concerning the amount due on the note and therefore has created a jury issue. Compare *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 505 (4) (497 SE2d 269) (1998) (plaintiff entitled to summary judgment in suit on note where plaintiff established prima facie case and defendant failed to produce evidence showing different amount owed). In his second affidavit submitted to the trial court, Dunn stated that after the note was executed, Reliable repossessed several of the cotton pickers pledged as collateral on the note and sold them. The proceeds of disposition of collateral by a secured party, after satisfaction of expenses involved in retaking and selling the collateral and payment of reasonable attorney fees and expenses incurred by the secured party, are to be applied to "[t]he satisfaction of indebtedness secured by the security interest under which the disposition is made." OCGA § 11-9-504 (1) (a), (b). Attached to Dunn's affidavit is a list of 11 pickers the security agreement shows were pledged as collateral and a recitation of their sale dates and selling prices. Dunn further stated in his affidavit that Reliable did not credit the note for the proceeds of the sale of the collateral.

Reliable argues that the proceeds of the sales of the pickers should not have been credited to the note but instead were credited to a lien having a higher priority. While Reliable's arguments may be plausible, the arguments are not evidence for summary judgment purposes. It is axiomatic that statements in briefs are not evidence. See, e.g., *McEntyre v. McRae*, 240 Ga. App. 148, 150 (522 SE2d 731) (1999). The only evidence speaking to the sale of collateral was supplied by Dunn in his affidavit. Rather than introducing evidence to show that all proceeds of collateral sales were applied against other indebtedness, Reliable questions the likelihood of the payment of that debt. Reliable's arguments are insufficient, and unlike *Hovendick*, supra, a question of material fact remains. It follows that factual issues also exist concerning the amount of accrued interest and attorney fees.

3. We also note Dunn's contention that the trial court erroneously granted summary judgment to Reliable on Dunn's counterclaim. In the counterclaim, Dunn alleged that Reliable owed him "certain refunds, rebates, and credits for goods and services not provided by" Reliable to Dunn "or not accepted by" Dunn and that Reliable had fraudulently overcharged Dunn. On motion for summary judgment, Reliable submitted evidence that as part of the settlement of the previous dispute between Dunn and Reliable, Dunn agreed "to forsake any and all claims defendants had for set-offs or rebates." We cannot conclude that this evidence satisfied Reliable's burden as movant on motion for summary judgment of piercing the other

party's pleadings and showing the nonexistence of *any* material fact. It is not clear from the record, for example, whether the actions alleged in Dunn's counterclaim occurred before the settlement was reached (and therefore may have been subject to the settlement) or after the parties reached settlement. Also, the evidence submitted by Reliable does not address the portion of Dunn's counterclaim alleging fraud. Actual *evidence* in the record in this case is sparse. Again, while Reliable's arguments may be logical, the arguments are not supported by evidence authorizing the grant of summary judgment. Given the state of the record before us, we must reverse.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2001.

*Fallin & McIntosh, William G. Fallin, Michael E. Sumner,* for appellant.

*Sims, Fleming & Spurlin, John C. Spurlin,* for appellee.