A01A1371. CITY OF ATLANTA et al. v. HEARD.
(555 SE2d 849)

RUFFIN, Judge.

James Milton Heard d/b/a Milton Auto, Inc. sued the City of Atlanta and Atlanta Police Detectives R. L. Tellis and R. D. Norris (collectively the "City Defendants") and Robinson & Stephens, Inc. for defamation, conversion, false arrest, and malicious prosecution. The City Defendants moved for summary judgment, asserting sovereign and discretionary immunity.[1] The trial court denied the motion, and we granted the City Defendants' application for interlocutory appeal. For reasons that follow, we reverse.

In determining whether the trial court erred in denying the motion for summary judgment, we conduct a de novo review of the

---

[1] Robinson & Stephens did not move for summary judgment.

evidence.[2] For the City Defendants to prevail, they "must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to [Heard], support judgment as a matter of law."[3] If the City Defendants discharge this burden, Heard "must point to specific evidence giving rise to a triable issue of fact."[4]

Viewed in a light most favorable to Heard, the evidence shows that on April 7, 1997, Detectives Tellis and Norris entered Milton Auto to conduct an inspection under Georgia's Used Motor Vehicle Dealers' and Used Motor Vehicle Parts Dealers' Registration Act.[5] During their inspection, the detectives found a 1994 Chevrolet Suburban with a vehicle identification number belonging to a reportedly stolen vehicle. The two detectives also discovered the front end of a 1995 Chevrolet Impala Super Sport that appeared to be stolen. Heard was charged with theft by receiving stolen property and obstructing and altering a vehicle identification number, and Detective Tellis had the vehicles towed away by Robinson & Stephens.

A grand jury indicted Heard, but he was later acquitted of the charges. Following the acquittal, Detective Tellis, at the City's direction, had the Impala returned to Heard. The Suburban was not returned to Heard, however, as the towing company, Robinson & Stephens, had sold it several months earlier to pay for outstanding storage fees. According to Tellis, he instructed the towing company to retain the Suburban and "did not authorize, consent [to] or participate in the sale of the [vehicle]."

Heard subsequently filed the instant complaint alleging that the City Defendants are liable for defamation because Tellis and Norris told third parties he was a " 'criminal' " operating a " 'chop shop.' " Heard also alleged that the City Defendants are liable for false arrest and malicious prosecution due to the detectives' improper investigation of the matter, including their failure to scrutinize certain evidence. Finally, Heard alleged that all the defendants, including Robinson & Stephens, are liable for converting the Suburban.

As stated above, the trial court denied the City Defendants' motion for summary judgment, which was grounded on sovereign and discretionary immunity. In its order, the court found that there was evidence supporting Heard's allegation that the detectives

---

[2] See *Todd v. Kelly*, 244 Ga. App. 404, 405 (535 SE2d 540) (2000).

[3] Id.

[4] *Kitchens v. Keadle Lumber Enterprises*, 249 Ga. App. 831 (549 SE2d 781) (2001).

[5] See OCGA §§ 43-47-1; 43-47-17.

refused to investigate Heard's claim that he owned the vehicles. The order concludes:

> The Court finds that the conduct of the City of Atlanta and Detective Tellis and Detective Norris does not come within the doctrine of sovereign immunity. The Court further finds there is a question of material fact that the conduct of the City of Atlanta and its agents are immune from liability under the doctrine of sovereign immunity.[6]

On appeal, the City Defendants assert that the trial court erred in denying summary judgment because they are immune from suit as a matter of law. We agree.

1. *Sovereign Immunity*. Although our state constitution permits the General Assembly to waive the sovereign immunity of municipalities,[7] it is clear that such waiver must be by express legislative act.[8] In speaking to this authority, the legislature has declared, with limited exception, that "it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages."[9] In addition, the General Assembly has specifically stated that municipalities "shall not be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law."[10]

In light of such authority, we disagree with the trial court's conclusion that the City is not protected by sovereign immunity.[11] We are aware of no express waiver which would apply to Heard's claims,[12] and he has cited none in his brief. Accordingly, the trial court erred in denying the City's motion for summary judgment.[13]

Furthermore, we are compelled to note that, in his appellate brief, Heard has not cited any evidence of record to substantiate his claims. Instead, he relies entirely on the arguments of counsel made below to prove his factual allegations. The citations in Heard's appel-

---

[6] It is unclear whether the trial court ruled that the City Defendants were not entitled to sovereign immunity as a matter of law or whether a question of fact remained concerning its applicability.

[7] See Ga. Const. of 1983, Art. IX, Sec. II, Par. IX.

[8] See *Nat. Distrib. Co. v. Dept. of Transp.*, 248 Ga. 451, 453 (283 SE2d 470) (1981); see also *State v. Collins*, 171 Ga. App. 225, 227 (319 SE2d 84) (1984) (physical precedent only).

[9] OCGA § 36-33-1 (a).

[10] OCGA § 36-33-3.

[11] Although a municipality can be held liable for negligently performing a ministerial duty, in this case there is no allegation or evidence of such negligence. See OCGA § 36-33-1 (b).

[12] See *Collins*, supra (ruling that there is no express waiver of sovereign immunity for a claim against the state for return of property under OCGA § 17-5-50).

[13] See id.; *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (3) (420 SE2d 75) (1992).

late brief, all preceded by "T," apparently refer to the summary judgment motion hearing transcript, the only volume of transcripts in the record. As no evidence was presented at the hearing, the citations must be to counsels' arguments found in the transcript. In many instances, there is no apparent correlation between the argument of counsel cited in the transcript and the factual proposition Heard asserts in his appellate brief. But more importantly, it is a basic principle of evidence law that such argument is not evidence.[14] On appeal, our review of the evidence is de novo, and if Heard disagreed with the appellants' version of the facts, he was required to point to specific evidence giving rise to a triable issue of fact.[15] This, Heard clearly has not done.

2. *Discretionary Immunity*. We similarly conclude that the trial court erred in failing to grant summary judgment to Detectives Tellis and Norris.

> It is a well-established principle that a public official who fails to perform purely ministerial duties required by law is subject to an action for damages by one who is injured by his omission. However, it is equally well established that where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as a result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and *without wilfulness, malice, or corruption*.[16]

"A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed."[17]

In this case, Heard maintains that the flawed investigation and the decision to arrest him by Tellis and Norris were ministerial acts for which no immunity applies. Considering similar allegations, however, we have held that the conduct of the arresting officers was discretionary,[18] and we can discern no reason why the detectives' deci-

---

[14] See *Dunn v. Reliable Tractor*, 248 Ga. App. 258, 260 (2) (545 SE2d 695) (2001).

[15] See *Kitchens*, supra; *Todd*, supra; see also Court of Appeals Rule 27 (c) (3) (ii).

[16] (Punctuation omitted; emphasis in original.) *Hennessy v. Webb*, 245 Ga. 329, 330-331 (264 SE2d 878) (1980).

[17] (Punctuation omitted.) *Todd*, supra at 406 (1).

[18] See id.; *Woodward v. Gray*, 241 Ga. App. 847, 851 (c) (527 SE2d 595) (2000); *Corporate Property Investors v. Milon*, 249 Ga. App. 699, 706 (3) (549 SE2d 157) (2001) (physical precedent only).

sions here should be treated differently. Regardless of whether the detectives' decisions to not scrutinize certain evidence and to arrest Heard were flawed, those decisions remain discretionary. Furthermore, as stated above, Heard cites solely to the argument of counsel below as evidence supporting his assertions that the investigation was flawed. Under these circumstances, and finding no evidence of wilfulness, malice, or corruption, we conclude that the trial court erred in failing to grant the detectives' motion for summary judgment.[19]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 26, 2001.

*Susan P. Langford, Tuwanda R. Williams, Franklin W. Thomas, Jr.*, for appellants.

*Lane, O'Brien & Caswell, Stephen J. Caswell, Daniel B. Kane*, for appellee.

---

[19] See *Todd*, supra at 406-407.