**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**Please refer to the Supreme Court of Georgia Judicial**
**Emergency Order of March 14, 2020 for further**
**information at (https://www.gaappeals.us/rules).**

**June 5, 2020**

# In the Court of Appeals of Georgia

A20A0447. DIRECTV, LLC, v. WHITE.

HODGES, Judge.

Angela White contends that she injured herself when she tripped and fell on wires used to install satellite television in her home. She sued DirecTV, LLC, as a subsidiary of AT&T, Inc., and a John Doe defendant, alleging various forms of negligence. DirecTV moved for summary judgment, and after the trial court denied that motion in a three-sentence order, we granted DirecTV's application for interlocutory appeal. DirecTV argues that the trial court erred because White's claims were barred by the statute of limitation; there was no evidence that DirecTV installed the wires or is liable for the independent contractor who did; the evidence is undisputed that White failed to exercise ordinary care for her own safety; that the hazard was open and obvious; that no evidence supports a res ipsa loquitor theory of

liability; and that the trial court erred in denying summary judgment to DirecTV on White's claims for punitive damages and attorney fees. For the reasons that follow, we reverse.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA § 9-11-56 (c). To succeed on summary judgment, a defendant must show the court that

> the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of the plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial.

(Citation and punctuation omitted.) *Brown v. Dickerson*, 350 Ga. App. 137 (828 SE2d 376) (2019). On appeal from a denial of summary judgment, this Court conducts a de novo review and construes all reasonable inferences in the light most favorable to the nonmoving party. Id.

So viewed, the record shows that White had satellite television service installed in the bedroom and living room of her home in either July 2014 or July 2015. One

2

morning, immediately after waking up, White jumped out of bed to run to the bathroom, but tripped and fell over the wires, hitting her face on the floor. She deposed that she did not look down at the floor when she got out of bed and that "I probably didn't even open my eyes." She deposed that after she fell, she looked to see what had tripped her and that the wires were obvious and easy to see. Her nose was bleeding, and she realized her mouth and teeth were injured.

She saw a dentist in Augusta in late September 2015, and deposed that she filed a claim for injury with DirecTV's insurer "[a] few months" after the fall.[1] The insurer acknowledged that claim in November 2015. White filed her complaint against DirecTV in September 2017, and following discovery, DirecTV moved for summary judgment. After a hearing, the trial court denied the motion for summary judgment, and DirecTV sought the instant appeal.

1. DirecTV first argues that the trial court erred in denying its motion for summary judgment because the statute of limitation had run on White's claim. For the reasons outlined below, we agree.

---

[1] Neither party points us to anything in the record indicating the date that White filed the claim.

OCGA § 9-3-33 provides that "actions for injuries to the person shall be brought within two years after the right of action accrues[.]" White filed her complaint on September 28, 2017, meaning that the complaint is timely only if White was injured on or after September 28, 2015.

In a sworn deposition, White deposed that her injuries were assessed by the dentist in Augusta on September 29, 2015. She deposed that while she was not entirely certain of the exact date that she fell, the fall probably took place in August 2015. She remembered having to wait "more than 30 days" after the injury before she could get a dental appointment at the Dental College of Georgia in Augusta on September 29, 2015. Thus, she deposed, the fall "*had to have been* before this. It was *before September*." (Emphasis supplied.) White deposed that the injury "was more than thirty days" prior to the dental appointment, adding, "*I'm sure about that* because . . . it's unbelievable that they would make me an appointment for thirty days and I told them that I was in pain." (Emphasis supplied.)

About five months after the deposition in which she stated that her injuries occurred in August 2015,[2] White filed a sworn affidavit averring, without

_____

[2] In an e-mail White produced in discovery, in which she was writing to a representative at DirecTV, she stated, "*The incident in question happened in August 2015* when the wire came from under the bed where I tri[p]ped over and fell on my

4

explanation, that "the date of injury is September 30, 2015." The affidavit also stated that "the date of injury [] September 30, 2015, is correct as stated on Defendant's insurance letter." Two letters from an insurance company, attached as exhibits to the affidavit, list "Date of Loss: 9/30/15."

In addition to this contradiction, although White's sworn deposition states that she saw the Augusta dentist on September 29, 2015, her sworn affidavit states that she was injured on September 30, 2015, which would mean that she received dental treatment for the injuries that are the subject of this lawsuit *prior to* actually being injured.

In *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), our Supreme Court explained the rule that "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague or equivocal." (Punctuation omitted.) Id. at 30 (1). This remains true even when a court considers a motion for summary judgment, where all evidence normally is construed in favor of the nonmoving party. *Rabenstein v. Cannizzo*, 244 Ga. App. 107, 109 (534 SE2d 847) (2000). "[T]estimony by the nonmoving party which contradicts other testimony given by the nonmoving party

face on [sic] morning." (Emphasis supplied.)

5

will be construed against that party, unless a reasonable explanation for the contradiction is offered." Id.

Here, White has offered no explanation for the contradiction between her deposition testimony and her affidavit.[3] On summary judgment, whether a litigant has offered a reasonable explanation for the discrepancy in her sworn testimony is a question of law for the trial court, whose decision we will uphold if there is any evidence to support it. See *Bithoney v. Fulton-DeKalb Hosp. Auth.*, 313 Ga. App. 335, 342 (III) (1) (721 SE2d 577) (2011). As White has pointed us to nothing in her affidavit and no evidence explaining the discrepancy, we find clear error. Id. See also

---

[3] White's appellate brief argues that she was nervous, over the age of 55, and under stress during her deposition. Arguments in briefs, however, are not evidence. See *Dunn v. Reliable Tractor, Inc.*, 248 Ga. App. 258, 260 (2) (545 SE2d 695) (2001). Nor will this Court address arguments raised for the first time on appeal. See *Everett v. Goodloe*, 268 Ga. App. 536, 539 (1) (a) (602 SE2d 284) (2004). White also attempts to argue that she offered a valid explanation for the date discrepancy by pointing to deposition testimony where she answered a question about why she was unable to work. This testimony precedes the conflicting affidavit and did not address, at all, why the sworn testimony about her injury date in her deposition is different from the sworn testimony in her affidavit. Finally, although White's attorney averred below that his client "misspoke[,]" as we noted above, arguments in briefs are not evidence. *Dunn*, 248 Ga. App. at 260 (2). Likewise, counsel's unsworn opinion is not evidence. See *City of Atlanta v. Heard*, 252 Ga. App. 179, 181-182 (1) (555 SE2d 849) (2001)."The burden rests upon the *party* giving the contradictory testimony to offer a reasonable explanation[.]" (Emphasis supplied.) *Prophecy*, 256 Ga. at 30 (2).

6

*Johnson v. American Nat. Red Cross*, 276 Ga. 270, 272 (1), n. 2 (578 SE2d 106) (2003).

Also, to the extent that White means to argue that the insurance company letters listing "Date of Loss: 9/30/15" amount to favorable evidence outside the context of her self-contradictory sworn testimony, this argument is unavailing. The Supreme Court has determined that "[t]he *Prophecy* rule applies only to self-contradictions in a party's sworn testimony." (Citations and footnotes omitted; emphasis supplied.) *CSX Transp. v. Belcher*, 276 Ga. 522, 523 (1) (579 SE2d 737) (2003). The *Prophecy* holding is based upon summary judgment cases

> which clearly state that the opposing party is entitled to judgment only where the favorable portion of the party's self-contradictory testimony is the *only* evidence of [her] right to recover or of [her] defense. . . . [T]he opposing party is not entitled to judgment in its favor where there is evidence other than the favorable portion of the equivocator's self-contradictory testimony that supports the equivocator's position[.]

(Citations and punctuation omitted; emphasis in original.) *Korey v. BellSouth Telecommunications*, 269 Ga. 108 (498 SE2d 519) (1998).

White has demonstrated nothing to show that the insurance letters amount to anything other than unauthenticated documents containing inadmissible hearsay,

7

which cannot be considered on summary judgment.[4] *R&G Investments & Holdings, LLC v. American Family Ins. Co.*, 337 Ga. App. 588, 595-597 (3) (787 SE2d 765) (2016) (finding trial court erred in finding genuine issues of material fact existed on motion for summary judgment by considering report and photographs attached to affidavit where no proper foundation was laid and documents were not self-authenticating under OCGA § 24-9-902). See OCGA § 24-8-801 (c) ("'Hearsay' means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.").[5]

---

[4] One insurance letter is unsigned and contains no information about the source of the date of loss. The other is signed by someone who has not provided an affidavit or deposition testimony indicating the source of the information about the date of loss. White cites nothing in the record indicating the source of the insurer's information.

[5] We note that a court may consider unobjected-to hearsay on summary judgment. *Patterson v. Kevon, LLC*, 304 Ga. 232, 234, n. 3 (818 SE2d 575) (2018). As White notes in her appellate brief, at the hearing on summary judgment, DirecTV's counsel argued that the insurance adjuster had no personal knowledge of White's date of injury. This was, in essence, a hearsay objection, as this Court determined in a very similar situation in its well-reasoned opinion in *Little v. Jim-Lar Corp.*, 352 Ga. App. 764, 767 (2) (835 SE2d 794) (2019) (physical precedent only) ("[T]he plaintiffs concede in their appellate brief that the defendants argued at the summary judgment hearing 'that there was no witness with first-hand knowledge of the incident due to Appellant Little's inability to testify' — *in essence, an objection to hearsay evidence*.") (emphasis supplied).

8

Although White contends that DirecTV has waived its right to raise a statute of limitation defense because it did not do so in its answer to her complaint, we disagree. DirecTV raised the statute of limitation defense in its brief in support of its motion for summary judgment, and White addressed this defense in her response. "The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the opposing party fair notice of what [she] must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or *by motion for summary judgment there is no waiver*." (Citations and punctuation omitted; emphasis omitted; emphasis in original.) *O'Dell v. St. Paul Fire & Marine Ins. Co.*, 223 Ga. App. 578, 581 (2) (478 SE2d 418) (1996). "This [C]ourt has held that the failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed." (Citation and emphasis omitted.) *Herndon v. Heard*, 262 Ga. App. 334, 338 (585 SE2d 637) (2003); accord *Shepherd v. Shepherd*, 164 Ga. App. 185, 186 (2) (296 SE2d 151) (1982). White has not pointed us to anything in the record indicating she objected or claimed surprise below.

As a result, the only evidence in White's favor on the statute of limitation issue was her own sworn testimony, which the trial court was required to exclude from its consideration on summary judgment. *Prophecy Corp*., 256 Ga. at 28-29 (1); *Korey*, 269 Ga. at 108. Because the undisputed evidence showed that White's complaint was filed outside the statute of limitation, we reverse the denial of DirecTV's motion for summary judgment.

2. As a result of this finding, we need not address DirecTV's remaining contentions of error.

*Judgment reversed. McFadden, C. J., and Doyle, P. J., concur*.